RIVELIS, PAWA & BLUM, LLP
Howard Blum, Esq. (HB-7052)
Attorneys for Defendant
Jeffrey M. Brown Associates, Inc.
286 Madison Avenue, 14th Floor
New York, New York 10017
(212) 557-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BOARD OF MANAGERS OF THE 195 HUDSON
STREET CONDOMINIUM,

       07 Civ 4058 (PKL)

     Plaintiff,       **AFFIDAVIT IN**
                 **SUPPORT OF MOTION**

 -against-

JEFFREY M. BROWN ASSOCIATES, INC. and
LEXINGTON INSURANCE COMPANY,

     Defendants.
------------------------------------------------------------------X
STATE OF NEW YORK )
         )ss.:
COUNTY OF NEW YORK )

  **HOWARD BLUM**, being duly sworn, deposes and says:

  1. I am a member of Rivelis, Pawa & Blum, LLP, attorneys for Jeffrey M. Brown Associates, Inc. ("JMB"), and am fully and personally familiar with the facts set forth herein. I make this affidavit in support of JMB's motion to dismiss the Complaint herein (Exhibit 1).

## Facts

  2. This action arises out of a condominium construction project located at 195 Hudson Street, New York, New York (the "Premises").

  3. The basic facts are not in dispute. In March 1998, non-party condominium sponsor 195 Hudson Street Associates, LLC ("Owner"), as owner, entered into a contract

("Contract") with non-party K&J Construction Co., L.P. ("K&J"), as construction manager, to renovate a warehouse/factory building into residential luxury condominiums ("Project") at the Premises (Exhibit 1, paras. 6-7). A copy of the sponsor-K&J Contract is annexed hereto as Exhibit 2.

4. This is the third time JMB has been sued as the "alter ego" of K&J. The prior actions have been in the Supreme Court, New York County. Two different Supreme Court Justices have held that JMB is not the alter ego of JMB, and that the Complaints against JMB should be dismissed. The Courts held that JMB is not liable for the debts of K&J. As hereinafter set forth, there is absolutely no reason for this Court to rule differently. Res judicata and collateral estoppel, as well as the facts themselves, mandate the same result. The Complaint against JMB should be dismissed.

A. **The First Action**

5. K&J entered in three subcontracts with non-party Northeast Restoration Corp., whereby Northeast agreed to perform certain roofing, parapet and masonry work. In May 2000, Northeast commenced an action against K&J, the Owner and Reliance Insurance Company ("Reliance") by filing, and subsequently serving, a Summons and Verified Complaint in the Supreme Court, New York County, demanding the sum of $168,057 for work, labor and services performed at the Project. That prior action ("The First Action") was assigned Index No. 602171/00. A copy of the Summons and Complaint in the First Action is annexed hereto as Exhibit 3.

6. Northeast's Complaint in the First Action asserted three causes of action against K&J, for breach of contract, unjust enrichment and an account stated arising out of K&J's

2

alleged breach of the Subcontracts. Northeast also asserted a cause of action against the Owner and Reliance for the foreclosure of a mechanic's lien it had filed against the Premises.

7. In July 2000, all Defendants served a single Verified Answer, and Northeast subsequently filed a Reply. Those documents are not relevant to the instant motion and are not attached hereto.

8. Thereafter, the Owner moved for partial summary judgment pursuant to Section 9 (7) of the New York Lien Law and Section 339-1 of the New York Real Property Law for an order to vacate and cancel the mechanic's lien of Northeast and to dismiss the cause of action for the foreclosure of the mechanic's lien.

9. By Decision dated December 11, 2001 (Hon. Edward H. Lehner), the Court granted the Owner's motion, dismissed Northeast's lien foreclosure cause of action and canceled its mechanic's lien. A copy of the Decision and Order is annexed hereto as Exhibit 4. While JMB was not a party to this Action, the foregoing facts are provided to the Court for informational purposes.

### B. The Second Action

10. Subsequently, in April, 2002, Northeast commenced a new separate action, this time naming the sponsor, plaintiff herein and JMB as the defendants (the "Second Action"). A copy of the Summons with Notice (Index No. 600664/02) is annexed hereto as Exhibit 5, and the Complaint as Exhibit 6.

11. The allegations of that Complaint asserted that JMB is liable because K&J is "the alter ego" of JMB (para. 14), and that JMB "dominated and controlled the business and financial

affairs of K&J, thereby rendering K&J the mere instrumentality and alter ego" of JMB (para. 23). These allegations are identical to those made in the Complaint herein (Exhibit 1).

12. To the contrary, however, the facts and the law clearly established at that time that in no way was JMB liable for any alleged breaches of contract by K&J. The Courts will only disregard the corporate form when it is necessary to prevent fraud or some other wrong. Here, however, Northeast had no cause of action against JMB since JMB was not the "alter ego" of K&J. No facts or supportable allegations existed to support Northeast's claims of fraud or other corporate misconduct of JMB. There were no factors which would justify disregarding the corporate form and piercing the corporate veil. Accordingly, JMB filed a motion to dismiss the Complaint against JMB in the Second Action.

13. A copy of the moving affidavit of Edward Opall, JMB's then Chief Financial Officer, sworn to the 29th day of May, 2002, is annexed hereto as Exhibit 7. The undisputed facts were set forth as follows. Defendant Jeffrey M. Brown Associates, Inc. is a Pennsylvania corporation formed in 1984. It has been continuously active in the construction management and general construction business since its formation. K&J Construction LP is a Limited Partnership formed in 1998 solely for the limited purpose of performing certain non-union construction work in New York City. Since 1998, K&J has been involved in only four (4) projects, three (3) of which had been closed out in 2002. The fourth job, the instant 195 Hudson Street Condominium project, remains open only due to the litigation. This project has been inactive since September 2000. K&J has been inactive after the other projects were closed out in early 2001.

14. The two companies shared office space and certain overhead expenses. The overhead expenses shared between the two companies were business insurance, rent and occupancy expenses, accounting and administrative support. This sharing of overhead is typical

of multiple entity business environments. However, the books and records were kept separately. K&J paid all of its direct expenses from its operating account. Cash receipts for K&J projects were deposited only into K&J's checking account. For payroll and certain overhead charges, JMB paid the expenses and subsequently billed K&J for all of these costs. All intercompany billings and loan accounts have been meticulously maintained.

15. K&J filed its own business tax return (Form 1065) that is completely separate from JMB's business tax return (Form 1120S). Financial reporting was done on a combined basis in accordance with Generally Accepted Accounting Principles. The nature of the combination was properly disclosed in the footnotes to the financial statement.

16. By Decision-Order dated February 11, 2003, and entered on February 21, 2003, Mr. Justice Edward H. Lehner of the Supreme Court granted JMB's motion and dismissed the Complaint of Northeast. A copy of the Decision-Order is annexed hereto as Exhibit 8. The Court held as follows:

> Here, plaintiff has failed to raise a triable issue on its alter ego theory as it has not shown any misuse of the corporate form by Brown so as to warrant a piercing of the corporate veil and deprive it of the privilege of doing business as a separate corporation from its subsidiary.

As noted, the plaintiff herein was a party to that action, and filed no opposition to JMB's motion. Plaintiff is now bound by Mr. Justice Lehner's ruling and holding.

## C. The Third Action

17. The plaintiff herein then commenced a Third Action relating to the construction project. A copy of the Summons and Complaint (Index No. 118784/03) is annexed hereto as

5

<u>Exhibit 9</u>. Even though the plaintiff, K&J and JMB were all defendant parties in the prior Second Action, the Board made no cross-claims therein against either K&J or JMB.

18.   The Complaint therein alleges that the Sponsor entered into a construction contract with K&J (¶ 17); that K&J is a "related business entity" to JMB (¶ 18); and that certain employees of JMB worked on the project (¶¶ 19 and 20). These and others are the identical allegations made by Northeast in the Second Action, and in the current action.

19.   The Twelfth Cause of Action of the Complaint sought relief against JMB (see p. 20). Plaintiff alleged that employees of JMB worked on the project, owed a duty of care to plaintiff and that JMB "has willfully (sic), recklessly and/or negligently failed to properly construct, supervise and inspect the condominium facilities and premises involved in the Construction Project." Plaintiff claimed damages against JMB of not less than $5,000,000.

20.   However, plaintiff had no cognizable claim against JMB. Plaintiff admitted in paragraph 17 of the Complaint that <u>the Sponsor's contract was with K&J, and not JMB</u>. As set forth in JMB's prior motion in the Second Action, certain employees of JMB worked directly for K&J on this project. As also previously described, JMB billed K&J for those employees, and was reimbursed by K&J for the cost thereof. The Sponsor did not retain JMB. There was no contractual relationship between the Sponsor and JMB, and no duty of care was owed by JMB to the plaintiff herein. There were absolutely no grounds upon which plaintiff could maintain its action against JMB. The prior Decision-Order (<u>Exhibit 8</u>) collaterally estopped plaintiff from claiming to the contrary.

21.   Accordingly, JMB moved to dismiss the Complaint, again on the grounds that JMB was not the alter ego of K&J, and was not liable for the debts of K&J. The Court agreed. By Decision-Order dated June 30, 2004, and entered on July 8, 2004, Mr. Justice Walter B.

Tolub of the Supreme Court granted JMB's motion and dismissed the Complaint against JMB. A copy of the Decision-Order is annexed hereto as <u>Exhibit 10</u>. At that time, plaintiff was represented by Braverman & Associates, P.C.

22.     A new Complaint was then filed and served, denominated the First Amended And Supplemental Verified Complaint (<u>Exhibit 11</u>). Ignoring the prior Order of dismissal against JMB, plaintiff added and asserted the Thirteenth Cause of Action against JMB. Thereafter, plaintiff switched attorneys. The firm of Judd Burstein, P.C. substituted in as counsel for plaintiff therein. After strong protest, new counsel filed and served another Complaint, denominated the Second Amended And Supplemental Verified Complaint (<u>Exhibit 12</u>). JMB was no longer a party to the action, even though its name remained in the caption.

23.     The Supreme Court action was tried before Justice Jane Solomon. On May 9, 2007, a jury returned a verdict for plaintiff against K&J for breach of contract in the sum of $2,106,728.29. Prior to the trial, the plaintiff settled with the sponsor, architect and engineer for the total sum of $1,960,000.00. Presently pending before Justice Solomon is K&J's request for an offset and credit for the $1,960,000.00, plus another deduction of $47,036 awarded by the jury for a different claim. In short, no judgment has yet been entered. See Complaint herein (<u>Exhibit 1</u>, paras. 12-13).

**D.     <u>The Current Action</u>**

24.     The Complaint filed herein by plaintiff is legally identical to the dismissed Complaint in the Third Action. Here, plaintiff admits that the condominium sponsor contracted with K&J (¶ 7), and not JMB; contends that JMB exercised "domination and control of K&J (¶ 24); and contends that "JMB is the alter ego of K&J" ¶ 26). However, those legal issues have

already been determined, not once but <u>twice</u>. There is absolutely no valid reason or justification why this issue should be litigated again.

25. Plaintiff herein was a party to the Second Action, and is bound by Mr. Justice Lehner's determination that JMB was <u>not</u> the alter ego of K&J (<u>Exhibit 8</u>). Plaintiff herein is also obviously bound by Mr. Justice Tolub's determination in the Third Action (<u>Exhibit 10</u>). Plaintiff herein was the plaintiff there, had a full opportunity to re-litigate the issue and lost. The mere fact that plaintiff hired new attorneys does not provide a third opportunity for plaintiff to argue that JMB is the alter ego of K&J. That issue has been determined and is final, and plaintiff is barred from raising it again. If any relief is available, plaintiff should pursue an appeal in the Third Action. The doctrines of res judicata and collateral estoppel require dismissal of the Complaint herein.

26. For the foregoing reasons, and as set forth in the accompanying Memorandum of Law, the motion to dismiss the Complaint as to JMB should be granted.

**WHEREFORE**, JMB respectfully requests that its motion to dismiss the Complaint against it be granted in all respects.

_____
HOWARD BLUM

Sworn to before me this
30th day of July, 2007

_____
Notary Public

CONSTANTINE T. TZIFAS
Notary Public, State of New York
No. 02TZ6012920
Qualified in Queens County
Commission Expires 9/8/2010

hbdoc:c\195 hudson-jmb-lexington affid support mot

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record for Plaintiff, and sent copies by regular mail to:

JUDD BURSTEIN, P.C.
Judd Burstein, Esq.
Attorneys for Plaintiff
1790 Broadway, Ste. 1501
New York, New York 10019

Aaron Brouk, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
Attorneys for Lexington
3 Gannett Drive
White Plains, New York 10604

RIVELIS, PAWA & BLUM, LLP

By: _____
Howard Blum, Esq.
Attorneys for Defendant
Jeffrey M. Brown Associates, Inc.
286 Madison Avenue, 14th Floor
New York, New York 10017
(212) 557-3000