RIVELIS, PAWA & BLUM, LLP
Howard Blum, Esq. (HB-7052)
Attorney for Defendant
Jeffrey M. Brown Associates, Inc.
286 Madison Avenue, 14th Floor
New York, New York 10017
(212) 557-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BOARD OF MANAGERS OF THE 195 HUDSON
STREET CONDOMINIUM,                                                  07 Civ 4058 (PKL)

                        Plaintiff,

    -against-

JEFFREY M. BROWN ASSOCIATES, INC. and
LEXINGTON INSURANCE COMPANY,

                        Defendants.
------------------------------------------------------------------X

## JMB'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

### Preliminary Statement

Defendant Jeffrey M. Brown Associates, Inc. ("JMB") respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Complaint pursuant to Rule 12(b).

### Facts

The facts are set forth in detail in the Affidavit of Howard Blum in support of the motion, and are incorporated by reference. Simply stated, JMB had no contractual relationship with plaintiff, and owed no duty of care to plaintiff. The New York State Supreme Court, New York County, has <u>twice</u> determined that JMB is not the alter ego of non-party K&J Construction Co., L.P., and that plaintiff should not be permitted to pierce the corporate veil and attempt to hold JMB liable for the alleged debts of K&J. The prior rulings of the State Court are res judicata.

Plaintiff is collaterally estopped from contending to the contrary. The Complaint should be dismissed as to defendant JMB.

## ARGUMENT

### THE STATE COURT HAS ALREADY TWICE DETERMINED THAT JMB IS NOT LIABLE FOR THE ACTIONS OF K&J

In the Complaint in the Northeast Restoration action (Exhibit 3), it was claimed that JMB was the alter ego of K&J, and Northeast sought to pierce the corporate veil. By Decision-Order dated February 11, 2003 (Exhibit 8), the Supreme Court, New York County, Mr. Justice Edward H. Lehner, granted JMB's motion and dismissed the Complaint of Northeast. It was determined that there was no misuse of the corporate form by JMB, and that JMB was not the alter ego of K&J. The plaintiff herein was a party defendant in that Action, and submitted no opposition therein. There were no cross-claims filed against JMB.

The plaintiff herein then commenced a Third Action relating to the construction project (Exhibit 9). Even though the plaintiff, K&J and JMB were all defendant parties in the prior Second Action, the Board made no cross-claims therein against either K&J or JMB.

The Complaint therein alleges that the Sponsor entered into a construction contract with K&J (¶ 17); that K&J is a "related business entity" to JMB (¶ 18); and that certain employees of JMB worked on the project (¶¶ 19 and 20). These and others are the identical allegations made by Northeast in the Second Action, and in the current action.

The Twelfth Cause of Action of the Complaint sought relief against JMB (see p. 20). Plaintiff alleged that employees of JMB worked on the project, owed a duty of care to plaintiff and that JMB "has willfully (sic), recklessly and/or negligently failed to properly construct, supervise and inspect the condominium facilities and premises involved in the Construction Project." Plaintiff claimed damages against JMB of not less than $5,000,000.

However, plaintiff had no cognizable claim against JMB. Plaintiff admitted in paragraph 17 of the Complaint that <u>the Sponsor's contract was with K&J, and not JMB</u>. As set forth in JMB's prior motion in the Northeast Second Action, certain employees of JMB worked directly for K&J on this project. As also previously described, JMB billed K&J for those employees, and was reimbursed by K&J for the cost thereof. The Sponsor did not retain JMB. There was no contractual relationship between the Sponsor and JMB, and no duty of care was owed by JMB to the plaintiff herein. There were absolutely no grounds upon which plaintiff could maintain its action against JMB. The prior Decision-Order (<u>Exhibit 8</u>) collaterally estopped plaintiff from claiming to the contrary.

Accordingly, JMB moved to dismiss the Complaint, again on the grounds that JMB was not the alter ego of K&J, and was not liable for the debts of K&J. The Court agreed. By Decision-Order dated June 30, 2004, and entered on July 8, 2004, Mr. Justice Walter B. Tolub of the Supreme Court granted JMB's motion and dismissed the Complaint against JMB (<u>Exhibit 10</u>). A copy of the Decision-Order is annexed hereto as <u>Exhibit 10</u>. At that time, plaintiff was represented by Braverman & Associates, P.C.

A new Complaint was then filed and served, denominated the First Amended And Supplemental Verified Complaint (<u>Exhibit 11</u>). Ignoring the prior Order of dismissal against JMB, plaintiff added and asserted the Thirteenth Cause of Action against JMB. Thereafter, plaintiff switched attorneys. The firm of Judd Burstein, P.C. substituted in as counsel for plaintiff therein. After strong protest, plaintiff filed and served another Complaint, denominated the Second Amended And Supplemental Verified Complaint (<u>Exhibit 12</u>). JMB was no longer a party to the action, even though its name remained in the caption.

The Complaint filed herein by plaintiff is legally identical to the dismissed Complaint in the Third Action. Here, plaintiff admits that the condominium sponsor contracted with K&J (¶ 7), and not JMB; contends that JMB exercised "domination and control of K&J (¶ 24); and contends that "JMB is the alter ego of K&J" ¶ 26). However, those legal issues have already been determined, not once but <u>twice</u>. There is absolutely no valid reason or justification why this issue should be litigated again.

As a result, the prior determinations are <u>res judicata</u> against plaintiff herein. Plaintiff is collaterally estopped from suing JMB again. As set forth in <u>Modell v. Minister, Elders and Deacons of Reformed Protestant Church</u>, 68 N.Y.2d 456, 502 N.E.2d 978, 510 N.Y.S.2d 63 (1986), a party such as plaintiff herein,

> is not free to remain silent in an action in which he is the defendant and then bring a second action seeking relief inconsistent with the judgment in the first action by asserting what is simply a new legal theory (see, <u>Israel v. Wood Dolson Co.</u>, 1 N.Y.2d 116, 118, 151 N.Y.S.2d 1, 134 N.E.2d 97; <u>Schuylkill Fuel Corp. v. Nieberg Realty Corp.</u>, 250 N.Y.804, 306-307, 165 N.E.456; <u>Siegel, N.Y. Prac.</u> § 447, at 591-592; § 452, at 598-599; cf. <u>Batavia Kill Watershed Dist. v. Charles O. Desch, Inc.</u>, 83 A.D.2d 97, 444 N.Y.S.2d 597, 441 N.E.2d 1115; see also, <u>O'Brien v. City of Syracuse</u>, 54 N.Y.2d 353, 445 N.Y.S.2d 687, 429 N.E.2d 1158; <u>Smith v. Russel Sage Coil.</u>, 54 N.Y.2d 185, 445 N.Y.S.2d 68, 429 N.E. 746). Underlying this rule is the recognition that "it is to the interest of the State that there should be an end to litigation" (<u>Israel v. Wood Dolson Co.</u>, 1 N.Y.2d supra, p. 118, 151 N.Y.S.2d 134 N.E.2d 97) at p. 65.

See, also <u>Amboy Mgt., Co., Inc. v. Monarch Car Services, Inc.</u>, 157 A.D.2d 761, 550 N.Y.S.2d 368 (2d Dept. 1990); <u>Silverman v. Leucadia, Inc.</u>, 156 A.D.2d 442, 548 N.Y.S.2d 720 (2d Dept. 1989).

The fact that plaintiff now sues in Federal Court provides no additional rights. It is well settled that if the action would be barred in State Court by res judicata or collateral estoppel, the

law prevents the Federal Court from asserting subject matter jurisdiction. The law is clearly summarized in <u>Vargas v. City of New York</u>, 377 F.3d 200, 206 (2d Cir. 2004) as follows:

> Under the Rooker-Feldman doctrine, inferior federal courts have no subject matter jurisdiction over suits that seek direct review of judgments of state courts, or that seek to resolve issues that are "inextricably intertwined" with earlier state court determinations. While we have noted that the Supreme Court "has provided little guidance in determining when claims are "inextricably intertwined" with a prior state court judgment," we have held that "inextricably intertwined" means, at a minimum, that where a federal plaintiff had an opportunity to litigate a claim in a state proceeding..., subsequent litigation will be barred under the Rooker-Feldman doctrine if it would be barred under principles of preclusion." <u>Phifer v. City of New York</u>, 289 F.3d 49, 55-56 (2d Cir. 2002) (quoting <u>Moccio</u>, 95 F.3d at 199-200)); see also <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 25, 95 L. Ed. 2d 1, 107 S. Ct. 1519 (1987) (Marshall, J., concurring) ("The federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."). The doctrine is generally applied coextensively with principles of res judicata (claim preclusion) and collateral estoppel (issue preclusion). If a suit or claim would be barred in state court by either, Rooker-Feldman prevents the federal court from asserting subject matter jurisdiction. Moccio, 95 F.3d at 199-200.

In <u>Bridgewater Operating Corp. v. Feldstein</u>, 346 F.3d 27, 29 (2d Cir. 2003), the Court stated the rule as follows:

> [F]ederal district courts do not have jurisdiction over claims that have already been decided, or that are "inextricably intertwined" with issues that have already been decided, by a state court.

Here, two (2) Justices of the Supreme Court have actually decided that JMB is not the alter ego of K&J, and is not liable for the debts of K&J. <u>Rooker-Feldman</u>[1] bars the instant Complaint.

---

[1] The Rooker-Feldman doctrine takes its name from two Supreme Court cases-<u>Rooker v. Fidelity Trust Co., 263 U.S. 413, 68 L. Ed. 362, 44 S. Ct. 149 (1923)</u>, and <u>District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983)</u>.

This Court has previously dealt with res judicata and a State Court decision. In <u>Bull & Bear Group, Inc. v. Fuller</u>, 786, F. Supp. 388, 390 (S.D.N.Y. 1992), Judge Leisure ruled as follows:

> The doctrine of res judicata bars "a litigant from advancing in a new action all claims or defenses that were or could have been raised in a prior proceeding in which the same parties or their privies were involved and that resulted in a judgment on the merits." <u>Liona Corp. v. PCH Associates (In re PCH Associates)</u>, 949 F.2d 585, 594 (2d Cir. 1991); accord <u>Harborside Refrigerated Services, Inc. v. Vogel</u>, 959 F.2d 368 (2d 1992).
>
> The res judicata impact of a state-court judgment in a federal court is, in turn, controlled by the full faith and credit doctrine, which provides that "the ... judicial proceedings of any court of any ... State ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State." 28 U.S.C. § 1738. Thus, in determining the res judicata impact of a state-court judgment, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." <u>Migra v. Warren City School District Board of Education</u>, 465 U.S. 75, 81, 79 L. Ed. 2d 56, 104 S. Ct. 892 (1984); accord <u>Milltex Industries Corp. v. Jacquard Lace Co.</u>, 992 F.2d 164, 166 (2d Cir. 1991); <u>Ruiz v. Commissioner of Department of Transportation</u>, 858 F.2d 898, 902 (2d Cir. 1988).

This Court also dealt with the issue in <u>Seagoing Uniform Corp. v. Texaco</u>, 705 F. Supp. 918 (S.D.N.Y. 1989), applying Delaware state law.

In the instant case, plaintiff is bound by the two (2) prior determinations of the Supreme Court. This Court should dismiss the Complaint and require plaintiff to pursue its appeal rights in the New York courts. The <u>Rooker-Feldman</u> doctrine clearly governs the instant situation.

Plaintiff herein was a party to the Second Action, and is bound by Mr. Justice Lehner's determination that JMB was <u>not</u> the alter ego of K&J (<u>Exhibit 8</u>). Plaintiff herein is also obviously bound by Mr. Justice Tolub's determination in the Third Action (<u>Exhibit 10</u>). Plaintiff

herein was the plaintiff there, had a full opportunity to re-litigate the issue and lost. The mere fact that plaintiff hired new attorneys does not provide a third opportunity for plaintiff to argue that JMB is the alter ego of K&J. That issue has been determined and is final, and plaintiff is barred from raising it again. If any relief is available, plaintiff should pursue an appeal in the Third Action in the Supreme Court. The doctrines of res judicata and collateral estoppel require dismissal of the Complaint herein.

## Conclusion

For the foregoing reasons, it is respectfully requested that defendant JMB's motion to dismiss be granted, and that the Complaint be dismissed as against JMB.

Dated: July 30, 2007

RIVELIS, PAWA & BLUM, LLP

By: _____
    Howard Blum
Attorneys for Defendant
Jeffrey M. Brown Associates, Inc.
286 Madison Avenue, 14th Floor
New York, New York 10017
(212) 557-3000

hbdoc:c\brown-195hudson.memo law supp mot dismiss

# CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record for Plaintiff, and sent copies by regular mail to:

JUDD BURSTEIN, P.C.
Judd Burstein, Esq.
Attorneys for Plaintiff
1790 Broadway, Ste. 1501
New York, New York 10019

Aaron Brouk, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
Attorneys for Lexington
3 Gannett Drive
White Plains, New York 10604

RIVELIS, PAWA & BLUM, LLP

By: _____
Howard Blum, Esq.
Attorneys for Defendant
Jeffrey M. Brown Associates, Inc.
286 Madison Avenue, 14th Floor
New York, New York 10017
(212) 557-3000