RIVELIS, PAWA & BLUM, LLP
Howard Blum, Esq. (HB-7052)
Attorney for Defendant
Jeffrey M. Brown Associates, Inc.
286 Madison Avenue, 14th Floor
New York, New York 10017
(212) 557-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BOARD OF MANAGERS OF THE 195 HUDSON
STREET CONDOMINIUM,                                              07 Civ 4058 (PKL)

                Plaintiff,

    -against-

JEFFREY M. BROWN ASSOCIATES, INC. and
LEXINGTON INSURANCE COMPANY,

                Defendants.
------------------------------------------------------------------X

## DEFENDANT BROWN'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW the Defendant, Jeffrey M. Brown Associates, Inc. ("JMB"), and for its statement of material facts as to which there is no genuine issue to be tried, states as follows:

1. In March 1998, non-party condominium sponsor 195 Hudson Street Associates, LLC ("Owner"), as owner, entered into a contract ("Contract") with non-party K&J Construction Co., L.P. ("K&J"), as construction manager, to renovate a warehouse/factory building into residential luxury condominiums ("Project") at the Premises.

2. This is the third time JMB has been sued as the "alter ego" of K&J. The prior actions have been in the Supreme Court, New York County. Two different Supreme Court Justices have held that JMB is not the alter ego of JMB, and that the Complaints against JMB should be dismissed.

3. In April, 2002, Northeast Restoration Corp., a subcontractor of K&J, commenced an action in the Supreme Court, New York County, Index No. 600664/02, naming the sponsor, plaintiff herein and JMB as the defendants.

4. The allegations of that Complaint asserted that JMB is liable because K&J is "the alter ego" of JMB (para. 14), and that JMB "dominated and controlled the business and financial affairs of K&J, thereby rendering K&J the mere instrumentality and alter ego" of JMB (para. 23).

5. JMB filed a motion to dismiss the Complaint against JMB.

6. By Decision-Order dated February 11, 2003, and entered on February 21, 2003, Mr. Justice Edward H. Lehner of the Supreme Court granted JMB's motion and dismissed the Complaint of Northeast. The Court held as follows:

> Here, plaintiff has failed to raise a triable issue on its alter ego theory as it has not shown any misuse of the corporate form by Brown so as to warrant a piercing of the corporate veil and deprive it of the privilege of doing business as a separate corporation from its subsidiary.

7. The plaintiff herein was a party to that action, and filed no opposition to JMB's motion. Plaintiff is now bound by Mr. Justice Lehner's ruling and holding.

8. Even though the plaintiff, K&J and JMB were all defendant parties in the Action, the Board made no cross-claims therein against either K&J or JMB.

9. The plaintiff herein then commenced a new action (Index No. 118784/03), naming K&J and JMB, among others.

10. The Complaint therein alleges that the Sponsor entered into a construction contract with K&J (¶ 17); that K&J is a "related business entity" to JMB (¶ 18); and that certain employees of JMB worked on the project (¶¶ 19 and 20).

11. These are the identical allegations made by Northeast (see, ¶ 4 above) in the prior action.

12. The Twelfth Cause of Action of the Complaint sought relief against JMB (see p. 20). Plaintiff alleged that employees of JMB worked on the project, owed a duty of care to plaintiff and that JMB "has willfully (sic), recklessly and/or negligently failed to properly construct, supervise and inspect the condominium facilities and premises involved in the Construction Project." Plaintiff claimed damages against JMB of not less than $5,000,000.

13. JMB moved to dismiss the Complaint, again on the grounds that JMB was not the alter ego of K&J, and was not liable for the debts of K&J. The Court agreed.

14. By Decision-Order dated June 30, 2004, and entered on July 8, 2004, Mr. Justice Walter B. Tolub of the Supreme Court granted JMB's motion and dismissed the Complaint against JMB. At that time, plaintiff was represented by Braverman & Associates, P.C.

15. A new Complaint was then filed and served, denominated the First Amended And Supplemental Verified Complaint. Ignoring the prior Order of dismissal against JMB, plaintiff added and asserted the Thirteenth Cause of Action against JMB.

16. Thereafter, plaintiff switched attorneys. The firm of Judd Burstein, P.C. substituted in as counsel for plaintiff therein.

17. After strong protest, new counsel filed and served another Complaint, denominated the Second Amended And Supplemental Verified Complaint. JMB was no longer a party to the action, even though its name remained in the caption.

18. The Supreme Court action was tried before Justice Jane Solomon. On May 9, 2007, a jury returned a verdict for plaintiff against K&J for breach of contract in the sum of $2,106,728.29. Prior to the trial, the plaintiff settled with the sponsor, architect and engineer for

the total sum of $1,960,000.00. Presently pending before Justice Solomon is K&J's request for an offset and credit for the $1,960,000.00, plus another deduction of $47,036 awarded by the jury for a different claim. No judgment has yet been entered.

### The Current Action

19. The Complaint filed herein by plaintiff is legally identical to the dismissed Complaint in the Third Action. Here, plaintiff admits that the condominium sponsor contracted with K&J (¶ 7), and not JMB; contends that JMB exercised "domination and control of K&J (¶ 24); and contends that "JMB is the alter ego of K&J" ¶ 26).

20. The foregoing legal issues have already been determined, not once but <u>twice</u>.

21. Plaintiff herein was a party to the Northeast action, and is bound by Mr. Justice Lehner's determination that JMB was <u>not</u> the alter ego of K&J.

22. Plaintiff herein is also obviously bound by Mr. Justice Tolub's determination. Plaintiff herein was the plaintiff there, had a full opportunity to re-litigate the issue and lost.

Dated: July 30, 2007

Respectfully submitted,

RIVELIS, PAWA & BLUM, LLP

By: _____
Howard Blum, Esq (HB-7052)
Attorneys for Defendant
Jeffrey M. Brown Associates, Inc.
286 Madison Avenue, 14th Floor
New York, New York 10017
(212) 557-3000

hbdoc:c\195 hudson-jmb.stat support mot dismiss

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record for Plaintiff, and sent copies by regular mail to:

JUDD BURSTEIN, P.C.
Judd Burstein, Esq.
Attorneys for Plaintiff
1790 Broadway, Ste. 1501
New York, New York 10019

Aaron Brouk, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
Attorneys for Lexington
3 Gannett Drive
White Plains, New York 10604

RIVELIS, PAWA & BLUM, LLP

By: _____
Howard Blum, Esq.
Attorneys for Defendant
Jeffrey M. Brown Associates, Inc.
286 Madison Avenue, 14th Floor
New York, New York 10017
(212) 557-3000