Exhibit 10

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:  HON. WALTER B. TOLUB    PART 15
                          *Justice*

BOARD OF MANAGERS OF THE
195 HUDSON STREET CONDOMINIUMS,

INDEX NO. 118784/2003

Plaintiff,

MOTION DATE

- v -

MOTION SEQ. NO. 002

195 HUDSON STREET ASSOCIATES, LLC, 195 HUDSON
ASSOCIATES, LLC, STEVEN BLUMENTHAL, SYNCHRON
ACQUISITION CORP., K & J CONSTRUCTION CO., LP,
PERFIDO & WEISKOPF ARCHITECTS, KALLEN &
LEMELSON CONSULTING ENGINEERS, LLP and
JEFFREY M. BROWN ASSOCIATES, INC.,

MOTION CAL. NO.

Defendants.

The following papers, numbered 1 to _____ were read on this motion to/for _____

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits _____

Answering Affidavits — Exhibits _____

Replying Affidavits _____

PAPERS NUMBERED

FILED
JUL 08 2004
NEW YORK
COUNTY CLERK'S OFFICE

**Cross-Motion:**   [ ] Yes    [ ] No

Upon the foregoing papers, it is ordered that this motion by defendant Jeffrey M. Brown Associates, Inc. ("Brown") to dismiss the complaint pursuant to CPLR § 3211 is granted.

Plaintiff is the manager and operator of a condominium association. The plaintiff seeks to recover for alleged construction defects and noncompliance with the offering plan in the conversion of a building to a residential condominium. The complaint alleges, as relevant to this motion, that employees of Brown were project managers and supervisors of the construction and that the employees negligently failed to properly perform their duties. As a result, the plaintiff allegedly sustained damages from faulty construction.

Defendant Brown argues that the complaint should be dismiss based upon documentary evidence, collateral estoppel and failure to state a cause of against Brown. Brown argues that it is entitled to dismissal because the construction contract was between defendants 195 Hudson Street Associates, LLC, the sponsor of the conversion, and K & J Construction Co., the construction manger. Neither plaintiff nor Brown was a party to that contract. Brown provided employees to K & J Construction Co. pursuant to an oral agreement to which plaintiff was not a party.

Brown provided its employees pursuant to an agreement. Plaintiff seeks to recover from defendant for negligence, not breach of contract. Where a duty is created by contract, the failure to perform that duty generally gives rise to contractually liability only. Church v. Callanan Indus., Inc., 99 NY2d

EXH. 10