EXHIBIT A

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |

THE BOARD OF MANAGERS OF THE
195 HUDSON STREET CONDOMINIUM

**SUMMONS IN A CIVIL CASE**

V.

JEFFREY M. BROWN ASSOCIATES, INC. and
LEXINGTON INSURANCE COMPANY

CASE NUMBER:

**07 CIV 4058**

**JUDGE LEISURE**

TO: (Name and address of defendant)

Jeffrey M. Brown Associates, Inc.
2337 Philmont Avenue
Huntington Valley, Pennsylvania, 19006

Lexington Insurance Company
100 Summer Street
Boston, Massachusetts 02110

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Judd Burstein, P.C.
1790 Broadway, Suite 1501
New York, New York 10019

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAY 2 3 2007

CLERK

_Marcos Quintero_

DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BOARD OF MANAGERS OF THE
195 HUDSON STREET CONDOMINIUM,

          *Plaintiff,*

    – against –

JEFFREY M. BROWN ASSOCIATES, INC. and
LEXINGTON INSURANCE COMPANY,

          *Defendants.*
-------------------------------------------------------------X

JUDGE LEISURE

07 CV 4058

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
MAY 29 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Board of Managers of the 195 Hudson Street Condominium

the "Board"), by its attorneys Judd Burstein, P.C., complaining of the Defendants, allege as follows:

## JURISDICTION AND VENUE

    1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in

that this is a civil action between citizens of different States, and the amount in controversy exceeds

$75,000.

    2.    Venue lies in this District pursuant to 28 U.S.C. § 1391(a)(2).

## THE PARTIES

    3.    Plaintiff Board is the representative of the unit owners of the 195 Hudson

Street Condominium. None of the unit owners are citizens of the States of Pennsylvania, Delaware

or Massachusetts.

    4.    On information and belief, Defendant Jeffrey M. Brown Associates, Inc.

("JMB") is a corporation organized under the laws of the State of Pennsylvania and maintains its

principal place of business in the State of Pennsylvania.

5.      On information and belief, Defendant Lexington Insurance Company ("Lexington") is a corporation organized under the laws of the State of Delaware and maintains its principal place of business in the State of Massachusetts.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

6.      The 195 Hudson Street Condominium is a residential loft building located at 195 Hudson Street in New York, New York. The building was previously used for industrial purposes, and was converted into a residential building pursuant to a condominium offering plan.

7.      K&J Construction Co., L.P. ("K&J") served, pursuant to a written contract with the Condominium Sponsor, as the Construction Manager on the 195 Hudson Street conversion project.

8.      On information and belief, (a) K&J was formed by JMB in 1998 for the purpose of performing non-union construction work in New York City; (b) K&J worked on only four projects, including the 195 Hudson Street conversion project; and (c) the work on all of those projects was commenced prior to June 25, 1999.

9.      In 2003, the Board commenced litigation in the New York State Supreme Court (the "Litigation") against, *inter alia*, K&J, for a host of significant problems in the building. As against K&J, the Board alleged that it was a third party beneficiary of K&J's contract with the Sponsor and that K&J's defective construction work on the conversion project had breached that contract by, *inter alia*, failing to render professional services called for by the contract.

10.     In April 2007, the Board settled its claims against the Sponsor, as well as the architect and the engineer who created the plans and specifications for the 195 Hudson Street

2

conversion project. As part of the Board's settlement with the Sponsor, the Sponsor assigned its breach of contract claims against K&J to the Board.

11.    Also in April 2007, prior to commencement of the trial in the Litigation, the Court ruled that, as a matter of law, the Board was a third party beneficiary of K&J's contract with the Sponsor and, further, that, pursuant to a Liquidating Agreement entered into by the Board and the Sponsor, the Board stood in the shoes of the Sponsor with respect to the Sponsor's breach of contract claims against K&J.

12.    On May 9, 2007, a jury returned a verdict in favor of the Board and against K&J on the Board's breach of contract claims against K&J, and awarded damages in the amount of $2,106,728.09. On the day of the verdict, the Court denied K&J's motions to overturn the verdict, but reserved judgment on $47,036.00 awarded by the jury in connection with K&J's failure to install a security and intercom system in the building.

13.    On information and belief, by the time that issue has been joined in this case, a judgment will have been entered against K&J in the Litigation.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment Against Lexington)**

14.    The Board repeats and realleges Paragraphs 1 through 13 above as if fully set forth herein.

15.    Schedule E to K&J's contract with the Sponsor required K&J to purchase insurance which extended to, *inter alia*, "Blanket Contractual Coverage (including coverage for the Indemnity Clauses provided under this Agreement) . . . ."

3

16.    In or about June or July 2000, Lexington issued a "claims made" policy insuring JMB and K&J for, *inter alia*, any "Breach of Professional Duty in the rendering or failure to render of Professional Services." (A copy of the policy is annexed hereto as Exhibit A and incorporated by reference herein). "Professional Services" is defined by the policy to include "construction management services . . . for whom the Insured . . . performs for others for a fee."

17.    The effective date of the policy is June 25, 2000, but the policy has a retroactive date of June 25, 1999 such that it covers those Professional Services commenced after June 25, 1999 which result in a Claim for a Breach of Professional Duty. Here, although K&J rendered some of its "Professional Services" prior to June 25, 1999, K&J commenced rendering or failing to render the actual Professional Services which resulted in the Claim under the policy after June 25, 1999. Moreover, since, as alleged above, some of K&J's work on each of its four projects predated June 25, 1999, the policy would be illusory as to K&J if it did not cover projects for which K&J provided services prior to June 25, 1999. For these reasons, *inter alia*, K&J's breach of its contract with the Sponsor was covered by the policy.

18.    Even though it assumed the cost of K&J's defense in the case and sent a representative to attend the trial of the Litigation every day through the close of evidence, Lexington, through counsel for K&J, has expressly disclaimed coverage for K&J under the policy, although it has not yet formally explained the basis for that determination.

19.    In contrast, the Board contends that the Lexington policy does cover the judgment it is about to receive on its claims against K&J.

20.    A justiciable controversy has therefore arisen as to whether K&J's policy requires Lexington to pay the Board the judgment it is about to receive on its claims against K&J.

4

21.     Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a judicial declaration that Lexington is obligated to pay the Board the judgment it is about to receive on its claims against K&J.

### SECOND CLAIM FOR RELIEF

### (Declaratory Judgment Against JMB)

22.     The Board repeats and realleges Paragraphs 1 through 21 above as if fully set forth herein.

23.     JMB dominated K&J so completely that K&J had no separate mind, will or existence of its own. On information and belief, this domination is demonstrated, *inter alia*, by the following:

a.     The Sponsor and JMB agreed that the Sponsor was in fact employing JMB on the 195 Hudson Street conversion project, although it was then agreed that JMB would be paid through the shell of K&J in order to reduce costs through the use of non-union labor;

b.     The original oral agreement between the Sponsor and JMB for construction management of the 195 Hudson Street Condominium was entered into in 1997. It was impossible for K&J to have been a party to that agreement because K&J was not formed until March 3, 1998, following the February 27, 1998 formation of K&J's general partner, Gonzalez Construction LLC ("Gonzalez");

c.     The Sponsor would not have hired K&J in 1997 or 1998 for a multi-million dollar project because K&J had no track record in the industry. Rather, the only rational explanation for the retention of K&J was the understanding that the Sponsor was really hiring JMB at a less expensive, non-union price;

5

       d.     The Sponsor was billed for over $200,000.00 in construction management services rendered before the creation of K&J;

       e.     K&J's own sworn interrogatory answers in the Litigation identified at least one payment made directly to JMB by the Sponsor as payment to K&J.  Significantly, this money was paid to JMB notwithstanding its sworn claim – in an interrogatory answer provided in the Litigation – that it did not enter into any contracts whatsoever with the Sponsor or K&J;

       f.     In it sworn interrogatory answers in the Litigation, JMB stated that it never entered into any contract with K&J.  Nonetheless, it also admitted under oath that K&J paid JMB at least $437,000.00 in connection with the 195 Hudson Street conversion project;

       g.     K&J had no management employees.  Rather, all of K&J's business was conducted and managed solely by JMB officers and employees including an individual who served as the Chief Financial Officer for K&J, JMB and Gonzalez.  As a result, K&J was deprived of any discretion with respect to the management of its own affairs;

       h.     The JMB employees who supervised K&J's work on the 195 Hudson Street conversion project were paid their salaries by JMB, and considered themselves to be employees only of JMB;

       i.     K&J operated out of JMB's New York office, using the same mailing address and telephone number;

       j.     There was overlapping ownership of JMB and K&J;

       k.     Many of the documents created in connection with the 195 Hudson Street conversion project, such as spreadsheets and correspondence, referenced JMB, rather than K&J, as the author;

l.    All K&J profits were ultimately transferred to JMB with no consideration;

m.    Since at least 2002, K&J has been represented by the same lawyer who serves as JMB's general outside litigation counsel;

n.    During the Litigation, K&J's counsel stated that, even though K&J was defunct and judgment proof, he was continuing the defense of K&J because the Board had threatened to pursue an alter ego claim against JMB in the event that it prevailed against K&J;

o.    During the trial of the Litigation, K&J (and JMB's) counsel admitted that the two companies were one and the same when he contended that references to JMB in deposition transcripts be replaced by references to K&J;

p.    JMB insured both itself and K&J on the same insurance policy at issue in this action; and

q.    The JMB/K&J insurance policy issued by co-defendant Lexington listed K&J's address as JMB's Pennsylvania offices even though K&J (i) is a New York limited partnership whose general partner is a New York limited liability company, and (ii) is not registered to do business in Pennsylvania.

24.    JMB's domination and control of K&J was used to commit wrongs against the Board, including, *inter alia*: (a) stripping K&J of assets, thereby rendering K&J incapable of satisfying any judgment entered against K&J, and (b) procuring K&J's breach of its contractual obligations to the Sponsor. In addition, if it is determined that K&J's insurance policy does not cover the judgment to be entered against K&J, JMB used its domination and control of K&J to breach

7

K&J's contractual obligations by purchasing insurance for K&J that did not meet the insurance requirements of K&J's contract with the Sponsor.

25.    The Board has been damaged by the control and wrong alleged above in that K&J has no assets, and possibly no insurance policy, from which the incipient judgment against it may be satisfied.

26.    By reason of the foregoing, the Board contends that JMB is the alter ego of K&J.

27.    JMB contends that it is not the alter ego of K&J.

28.    A justiciable controversy has therefore arisen as to whether JMB is the alter ego of K&J.

29.    Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a judicial declaration that JMB is the alter ego of K&J, against which the judgment to be obtained in the Litigation may be enforced.

**WHEREFORE,** Plaintiff demands Judgment as follows:

A.    On Plaintiff's First Claim for Relief, a judicial declaration that Lexington is obligated to pay the Board the judgment it is about to receive on its claims against K&J;

B.    On Plaintiff's Second Claim for Relief, a judicial declaration that JMB is the alter ego of K&J;

C.    Costs and disbursements of this action; and

8

D.    Such other and further relief as deemed just and proper by this Court.

Dated:    New York, New York
          May 23, 2007

JUDD BURSTEIN, P.C.

By:_____
     Judd Burstein (JB-9585)
     1790 Broadway, Suite 1501
     New York, New York 10019
     (212) 974-2400
     (212) 974-2944 (fax)
     jburstein@burlaw.com
     *Attorneys for Plaintiff*

9

JUDGE LEISURE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

THE BOARD OF MANAGERS OF THE
195 HUDSON STREET CONDOMINIUM,

**07 CIV 4058**

Case No.

Plaintiff,

**RULE 7.1 STATEMENT**

– against –

JEFFREY M. BROWN ASSOCIATES, INC. and
LEXINGTON INSURANCE COMPANY,

Defendants.
--------------------------------------------------------------X

RECEIVED
MAY 2 3 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Pursuant to the Federal Rule of Civil Procedure 7.1 and to enable District Judges and

Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned

counsel for Plaintiff (a private non-governmental party) certifies that the following are corporate

parents, affiliates and/or subsidiaries of said party, which are publicly held.

**NONE**

Date:   New York, New York
        May 23, 2007

Respectfully Submitted,

JUDD BURSTEIN, P.C.

By:_____

    Judd Burstein (JB-9585)
    1790 Broadway, Suite 1501
    New York, New York 10019
    (212) 974-2400
    *Attorneys for Plaintiff*

# EXHIBIT B



lawyers.com℠

| Find a Lawyer | Research Legal Information | Ask a Lawyer | Blogs | Contact Lawyers at attorneys.com | Community |

## Hoey, King, Toker & Epstein Profile

Your access to and use of the information displayed on lawyers.com is subject to <u>Terms and Conditions</u>.

🗎 <u>Email this listing</u>

# Hoey, King, Toker & Epstein

Law Firm in New York, New York



**Location**
55 Water Street, 28th Floor
New York, New York 10041
(New York Co.)

 View Map

**Contact Information**
Phone: 212-612-4200
Facsimile: 212-612-4284

(Main Office)

**Hoey, King, Toker & Epstein practices in the following areas of law:**
Casualty Defense, Employment, Housing Discrimination, Professional Liability, Real Estate Litigation, Commercial Litigation and Subrogation.

**Firm Profile:**
Hoey, King, Toker & Epstein is House Counsel for Chubb & Son, a division of Federal Insurance Company. In our practice we represent the interests of Chubb insured's in matters in litigation in Federal and State courts and agencies. The Firm has achieved the highest rating for legal ability in Martindale-Hubbell. We are a licensed Continuing Legal Education provider in the State of New York.

**Firm Size:** 21

### MEMBERS OF THE FIRM

<u>Patrick T. Hoey</u> (Member) born Brooklyn, New York, February 4, 1952; admitted to bar, 1977, New York; 1979, U.S. District Court, Southern and Eastern Districts of New York. **Education:** LeMoyne College (B.A., 1973); St. John's University School of Law (J.D., 1976). First Deputy Commissioner, New York City Department of Investigation, 1988-1990. Deputy Commissioner, New York City Department of Investigation, 1986-1988. Deputy Coordinator of Criminal Justice of New York City, 1984-1986. Coordinator of the New York City Arson Strike Force, 1983-1984. Assistant District Attorney, New York County District Attorney's Office, 1976-1980. **Member:** Association of the Bar of the City of New York; New York State (Vice-Chairman, Committee on Premises Liability and Labor Law) and American Bar Associations; American Corporate Counsel Association.

<u>Harold Kenneth King, Jr.</u> (Member) born Bronx, New York, May 16, 1949; admitted to bar, 1979, New York; 1981, U.S. District Court, Southern and Eastern Districts of New York; 1982, U.S. Court of Appeals, Second Circuit. **Education:** Rutgers University (B.A., 1972; M.A., 1974); New York Law School (J.D., 1978). Formerly with, Martin, Clearwater and Bell, Esqs., 1984-1986. Assistant District Attorney, Bronx County, 1978-1984. **Member:** New York State Bar Association; Defense Association of New York, Defense Research Institute.

<u>Leonard Toker</u> (Member) born New York, New York, January 11, 1950; admitted to bar, 1977, New York and New Jersey; 1980, U.S. District Court, Southern and Eastern Districts of New York; 1986, U.S. District Court, Eastern District of New Jersey. **Education:** Long Island University (B.A., 1973); Brooklyn Law School (J.D., 1976). Formerly with, Gwertzman, Pfeffer, Toker & Lefkowitz, Esqs., 1980-1987. Confidential Law Assistant to Honorable Justice Frank J. Blangiardo, 1978-1980. New York City Department of Personnel Legal Unit, 1974-1978. **Member:** New York State Bar Association; New York County Lawyers Association.

<u>Rhonda L. Epstein</u> (Member) born Brooklyn, New York, December 8, 1959; admitted to bar, 1984, New York; 1985, U.S. District Court, Southern and Eastern Districts of New York; 1992, U.S. Court of Appeals, Second Circuit. **Education:** Brooklyn College of the City University of New York (B.A., magna cum laude, 1980); Hofstra University (J.D., 1983). Formerly with, Gladstein and Isaac, 1983-1987. **Member:** American Bar Association.

<u>Richard C. Prezioso</u> (Member) born West Islip, New York, October 28, 1963; admitted to bar, 1989, New York; 1993, U.S.

District Court, Southern District of New York; 1995, U.S. Supreme Court and U.S. Court of Appeals, Second Circuit. **Education:** State University of New York College at Geneseo (B.A., magna cum laude, 1985); Pace Law School (J.D., cum laude, 1988). New York County District Attorney's Office, 1988-1993. **Member:** New York County Lawyers Association.

**Christine M. Arciold** (Member) born Brooklyn, New York, September 26, 1967; admitted to bar, 1993, New York; 1997, U.S. District Court, Southern and Eastern Districts of New York. **Education:** State University of New York at Stony Brook (B.A., 1989); St. John's University Law School (J.D., 1992). Formerly with, Bragin, Stein & Pacht, 1993-1996.

**David S. Kasdan** (Member) born New York, New York, June 17, 1958; admitted to bar, 1990, New York, New Jersey; 1990, U.S. District Court, Southern, Eastern and Western Districts of New York and U.S. District Court, District of New Jersey. **Education:** State University of New York at Albany (B.A., summa cum laude, 1978); Albany Law School of Union University (J.D., 1985). Formerly with, Schechter & Brucker, P.C., 1991-1999. **Member:** Association of the Bar of the City of New York; New York State and American Bar Associations.

**David P. Feehan** (Member) born New York, New York, March 4, 1966; admitted to bar, 1992, New York; 1996, U.S. District Court, Eastern District of New York. **Education:** University of Scranton (B.A., 1987); St. John's University School of Law (J.D., 1991). Assistant District Attorney, Kings County District Attorney's Office, 1991-1995. **Member:** Brooklyn Bar Association.

## ASSOCIATES

**Gregory Walthall** (Associate) born Queens, New York, March 23, 1964; admitted to bar, 1997, New York; 2001, U.S. District Court, Southern and Eastern Districts of New York. **Education:** Queens College of the City University of New York (B.A., 1990); New York Law School (J.D., 1995). Assistant District Attorney, New York County District Attorney's Office, 1995-1999. **Member:** Association of the Bar of the City of New York; New York County Lawyers Association.

**Glen H. Parker** (Associate) born Brooklyn, New York, April 9, 1969; admitted to bar, 1996, New York and New Jersey; 1999, U.S. District Court, Southern and Eastern Districts of New York; 2004, U.S. Court of Appeals, Second Circuit. **Education:** Cornell University (B.S., 1991); New York Law School (J.D., cum laude, 1995); Cornell University School of Industrial and Labor Relations (M.I.L.R., 1999). Staff Counsel, American International Group, 1995-1998. **Member:** Association of the Bar of the City of New York; New York State Bar Association (Member, Labor and Employment Law Section).

**Angela P. Pensabene** (Associate) born Brooklyn, New York, April 20, 1972; admitted to bar, 1997, New Jersey and U.S. District Court, District of New Jersey; 1998, New York; 1999, U.S. District Court, Southern and Eastern Districts of New York. **Education:** University of Delaware (B.A., 1994); Brooklyn Law School (J.D., 1997). Formerly with, Morris Duffy Alonso & Faley, 1997-2001. **Member:** New York State Bar Association.

**Jeffrey Greenberg** (Associate) born St. Paul, Minnesota, August 4, 1958; admitted to bar, 1991, New York and New Jersey; 1995, U.S. District Court, District of New Jersey. **Education:** State University of New York at Oneonta (B.A., 1980); New York Law School (J.D., 1990). Formerly with: L'Abbate, Balkan, Colavita & Contini, LLP, 2001-2002; Jones Hirsch Connors & Bull, P.C., 1999-2001; Hollander & Associates, P.C., 1997-1999; Law Office of Mark D. Lefkowitz, 1991-1997. **Member:** New York State Bar Association.

**Paul A. Tumbleson** (Associate) born New York, New York, December 2, 1955; admitted to bar, 1990, New Jersey; 1991, New York and U.S. District Court, Southern and Eastern Districts of New York; 2000, U.S. District Court, District of New Jersey. **Education:** Columbia College (B.A., 1978); Fordham Law School (J.D., 1990). Formerly with: Gennet, Kallmann, Antin & Robinson, P.C., 1999-2002; Belair & Evans, L.L.P., 1997-1999; Scoppeta & Seiff, Esqs., 1990-1997. **Member:** Association of the Bar of the City of New York (Member, Council On Judicial Administration, 1993-1999).

**Edgar Matos** (Associate) born New York, New York, February 26, 1976; admitted to bar, 2001, New York. **Education:** New York University (B.A., 1996); Fordham University (J.D., 1999). New York City Law Department, Office of the Corporation Counsel, Manhattan Trial Unit, 1999-2003.

**Regine Dely-Lazard** (Associate) born Haiti, September 21, 1957; admitted to bar, 1985, New York. **Education:** Pace University (B.A., 1981); New York Law School (J.D., 1984). Formerly with: Jacobowitz, Garfinkel & Lesman, 1987-1992; Barry McTiernan & Moore, 1992-2001; Hayes & Mensching f/k/a Hayes & Breen, 2001-2003. **Member:** New York County Lawyers Association. **Languages:** French. **Practice Areas:** General Liability Defense; Insurance Defense.

**Amy Lynn Pludwin** (Associate) born Brooklyn, New York, September 16, 1977; admitted to bar, 2003, New York. **Education:** State University of New York at Binghamton (B.A., 1999); New York Law School (J.D., 2002). Formerly with, Leav & Steinberg, LLP, 2001-2004. **Member:** New York State Bar Association; New York State Trial Lawyers Association.

**Jennifer L. Budner** (Associate) born Port Jefferson, New York, 1970; admitted to bar, 2001, New York. **Education:** Florida Atlantic University (B.S.W., 1993); City University of New York School of Law (J.D., 2000). Assistant Corporation Counsel, Bronx Tort Division, 2000-2003. Associate, Segal McCambridge Singer and Mahoney, 2003-2004.

**Danielle M. Dandrige** (Associate) admitted to bar, 2001, New York; 2002, U.S. District Court, Southern and Eastern Districts of New York. **Education:** Columbia University (B.A., 1997); The George Washington University School of Law (J.D., 2000). Assistant Corporation Counsel, Family Court Division, 2000-2002. Assistant Corporation Counsel, Labor and Employment Division, 2002-2005.

**Lauren S. Yang** (Associate) admitted to bar, 2004, New York and New Jersey. **Education:** Smith College (B.A., 1995); Case Western Reserve University School of Law (J.D., 1998). Formerly with: Law Office of Alden Banniettis, 2004-2005; Kelly Law Registry, 2000-2003.

Top of Page

**Find a Lawyer** | **Research Legal Information** | **Ask a Lawyer** | **Blogs** | **Contact Lawyers at attorneys.com** | **Community**



**LexisNexis Martindale-Hubbell is the most complete, trusted source for identifying qualified legal counsel.**

Disclaimer: The information provided on Lawyers.com is not legal advice, Lawyers.com is not a lawyer referral service, and no attorney-client or confidential relationship is or should be formed by use of the site. The attorney listings on Lawyers.com are paid attorney advertisements and do not in any way constitute a referral or endorsement by Lawyers.com or any approved or authorized lawyer referral service. Your access to and use of this site is subject to additional Terms and Conditions.

**Martindale.com** | **Canada** | **attorneys.com** | **LawyerLocator.co.uk** | **www.findalawyer.cn** (China) | **www.law24.co.za** (South Africa) | **www.martindale.jp** (Japan) | **anwalt24.de** (German) | **martindale.co.il** (Israel) | **Lexis Nexis**

Help | Site Map | About Us | Press Room | Info for Lawyers | Contact Us | Home | Index Map

©2007 Martindale-Hubbell, a division of Reed Elsevier Inc. All rights reserved. is a secure site that respects your privacy.

EXHIBIT C

*File*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------x    Index No.:  02/600664
NORTHEAST RESTORATION CORP.

             Plaintiff,

             v.

BOARD OF MANAGERS OF THE 195 HUDSON
STREET CONDOMINIUM, 195 HUDSON STREET
ASSOCIATES, LLC AND JEFFREY M. BROWN
ASSOCIATES, INC.

             Defendants.
------------------------------------x

                                VERIFIED ANSWER
                                TO COMPLAINT

    Defendant, BOARD OF MANAGERS OF 195 HUDSON STREET

CONDOMINIUM, by its attorneys HOEY, KING, TOKER & EPSTEIN,

answers the Complaint of the Plaintiff by stating as

follows:

    1.    Denies, upon information and belief, the allegations

of paragraphs 3, 10, 11, 12, 16, 17, 18 and 20.

    2.    Denies, upon information and belief, the allegations

of paragraphs 6, 8 and 9 and respectfully refers all questions

of law to this Honorable Court.

    3.    Denies, upon information and belief, the allegation of

paragraph 7 and refers the court to the Declaration for the

terms set forth therein and the legal effect thereof.

    4.    Denies having knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraphs

1, 4, 5, 14, 15, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32 and 33.

5.    Responds to paragraph 13, 19, 21 and 29 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

6.    The injuries alleged to have been suffered by the Plaintiff were caused, in whole or part, by the conduct of Plaintiff. Plaintiff's claims therefore are barred or diminished in the proportion that such culpable conduct of Plaintiff bears to the total culpable conduct causing the damages.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

7.    The injuries and damages alleged in the Complaint were caused or contributed to by the culpable conduct including contributory negligence, assumption of the risk and/or product misuse of persons over whom this Defendant had no authority or control.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

8.    That this Court has not acquired personal jurisdiction over the person of this answering Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

9.    That the Plaintiff's action is barred since there is another action pending with some of the same parties to this action for some of the same cause(s) of action set forth in the Complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

10.    Upon information and belief the causes of action alleged in the Complaint of the Plaintiff fail to properly state, specify or allege a cause of action on which relief can be granted as a matter of law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

11.    That if it is determined that this answering Defendant is responsible for the acts alleged in the Complaint then Plaintiff failed to take appropriate action to mitigate any damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

12.    The Business Judgment Rule precludes the Judicial review of the action and precludes the granting of any relief sought in the Complaint.

AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

13.   The Complaint must be dismissed since this answering
Defendant has no contractual, implied or other relationship with
Plaintiff.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

14.   Plaintiff lacks standing to assert some or all of
their claims.

AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION
AGAINST: 195 HUDSON STREET ASSOCIATES, LLC

15.   If any plaintiff recovers against this Defendant, then
this Defendant will be entitled to an apportionment of
responsibility for damages between and amongst the parties of
this action and will be entitled to recover from each other
party for its proportional share commensurate with any judgment
which may be awarded to the plaintiff.

AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNITY
AGAINST: 195 HUDSON STREET ASSOCIATESS, LLC

16.   If any plaintiff recovers against this Defendant, then
this Defendant will be entitled to be indemnified and to recover
the full amount of any judgment from defendant 195 HUDSON STREET
ASSOCIATESS, LLC.

AS AND FOR A CROSS-CLAIM FOR CONTRACTUAL INDEMNITY
AGAINST: 195 HUDSON STREET ASSOCIATES, LLC

17.  At the time of the incident alleged in the Complaint,
a contract was in effect between this Defendant and 195 HUDSON
STREET ASSOCIATES, LLC.

18.  The contract required 195 HUDSON STREET ASSOCIATES,
LLC to indemnify and, or hold harmless this Defendant for all
claims, losses, liability and damages for any injury to any
person.

19.  195 HUDSON STREET ASSOCIATES, LLC breached the
contract and is obligated to indemnify this Defendant for any
judgement or settlement obtained by any plaintiff in this action
including defense costs and attorneys' fees.

AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION
AGAINST: JEFFREY M. BROWN ASSOCIATES, INC.

20.  If any plaintiff recovers against this Defendant, then
this Defendant will be entitled to an apportionment of
responsibility for damages between and amongst the parties of
this action and will be entitled to recover from each other
party for its proportional share commensurate with any judgment
which may be awarded to the plaintiff.

AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNITY
AGAINST: JEFFREY M. BROWN ASSOCIATES, INC.

21.  If any plaintiff recovers against this Defendant, then
this Defendant will be entitled to be indemnified and to recover

the full amount of any judgment from JEFFREY M. BROWN

ASSOCIATES, INC.

WHEREFORE, this Defendant demands judgment dismissing

the Complaint, together with costs and disbursements, and

in the event any judgment or settlement is recovered herein

against this Defendant, then this Defendant further demands

that such judgment be reduced by the amount which is

proportionate to the degree of culpability of any

plaintiff, and this Defendant further demands judgment

against each other party on the respective crossclaims.

DATED: June 14, 2002
       New York, New York

                              Yours, etc.,

                              HOEY, KING, TOKER & EPSTEIN
                              Attorneys for Defendant
                              **BOARD OF MANAGERS OF 195
                              HUDSON STREET CONDOMINIUM**
                              55 Water Street, 28th Floor
                              New York, New York 10041
                              (212) 612-4200

                              By: _____
                              David Kasdan

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------x
NORTHEAST RESTORATION CORP.                    Index No.:  02/600664

                    Plaintiff,                 VERIFICATION

        v.

BOARD OF MANAGERS OF THE 195 HUDSON STREET
CONDOMINIUM, 195 HUDSON STREET ASSOCIATES,
LLC AND JEFFREY M. BROWN ASSOCIATES, INC.

                    Defendants.
-------------------------------------x


        I, Lynn Fisher Hill, being duly sworn, state that I am

the President of THE BOARD OF MANAGERS OF 195 HUDSON STREET

CONDOMINIUM, one of the defendants in the above captioned

matter, and have read the contents of the attached ANSWER

and believe it to be true based on the information that I

have available.


                              _____
                              Lynn Fisher Hill, President
                              For: The Board of Managers of
                              195 Hudson Street Condominium


Sworn and subscribed
before me on 6|11|02

_____        ELEANOR D. FELTON
Notary Public                  NOTARY PUBLIC, State of New York
                               No. 60-_____ 25
                               Qualified in Westchester County
                               Commission Expires March 30, ____

TO:

Vaneria & Sesti, LLP
Attorneys for Plaintiff
NORTHEAST RESTORATION CORP.
641 Lexington Avenue
New York, New York 10022

Ross & Cohen , LLP
Attorneys for Defendant
195 HUDSON STREET ASSOCIATES, LLC
711 Third Avenue
New York, New York 10017

Howard Blum, Esq.
Attorneys for Defendant
JEFFREY M. BROWN ASSOCIATES, INC.
21 East 40th Street, 14th Floor
New York, New York 10016