# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X

NORTHEAST RESTORATION CORP.,

                    Plaintiff,

    -against-

K&J CONSTRUCTION CO., L.P.,
195 HUDSON STREET ASSOCIATES, LLC and
RELIANCE INSURANCE COMPANY, BOARD OF
MANAGERS OF THE 195 HUDSON STREET
CONDOMINIUM and JEFFREY M. BROWN
ASSOCIATES, INC.,

                    Defendants.

------------------------------------------------------------------------X

Index No. 602171/00

**ANSWER OF
BROWN**

**FILED**

FEB 2 1 2003

NEW YORK
COUNTY CLERK'S OFFICE

      Defendant Jeffrey M. Brown Associates, Inc ("JMB"), by its attorneys, Rivelis, Pawa &

Blum, LLP, for its Answer to the Verified Complaint herein, respectfully alleges:

      1.     Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 11 and 12 of the Complaint.

      2.     Admits the allegations of paragraph 5 of the Complaint.

<u>**AS TO THE FIRST CAUSE OF ACTION**</u>

      3.     Repeats and reiterates all of its prior responses to the allegations incorporated into

paragraph 13 of the Complaint with the same full force and effect as if they were fully set forth

herein.

      4.     Denies the allegations contained in paragraph 14 of the Complaint, except admits

that defendant K&J requested certain services and materials.

      5.     Denies the allegations contained in paragraphs 15, 16, 17 and 18 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

6.      Repeats and reiterates all of its prior responses to the allegations incorporated into paragraph 19 of the Complaint with the same full force and effect as if they were fully set forth herein.

7.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION

8.      Repeats and reiterates all of its responses to the allegations incorporated into paragraph 21 of the Complaint with the same full force and effect as if they were fully set forth herein.

9.      Denies the allegations contained in paragraphs 22 through 27 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION

10.     Repeats and reiterates all of its responses to the allegations incorporated into paragraph 29 of the Complaint with the same full force and effect as if they were fully set forth herein.

11.     Denies each and every allegation contained in paragraphs 30 through 33 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

12.     The Complaint fails to state a cause of action against Defendant JMB upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

13.     JMB has no contractual relationship with plaintiff, and is not the alter ego of K&J. Therefore, there can be no claim for breach of contract.

2

## THIRD AFFIRMATIVE DEFENSE

14.     Plaintiff materially breached its Contract by providing defective services and materials, and by abandoning the project. As a result, Plaintiff may not maintain this action.

## FOURTH AFFIRMATIVE DEFENSE

15.     To the extent Plaintiff performed its work, and supplied equipment and materials, much of same was performed and furnished in a defective and deficient manner, requiring substantial sums to be expended in order to correct same. As a result, if Plaintiff can recover any sum, JMB is entitled to an offset in a sum to be determined by this Court.

## FIFTH AFFIRMATIVE DEFENSE

16.     Plaintiff materially breached its Contract in that it failed to properly complete its contract work, requiring substantial sums to be expended in order to complete Plaintiff's contract work. As a result, if Plaintiff can recover any sum, JMB is entitled to an offset in a sum to be determined by this Court.

## SIXTH AFFIRMATIVE DEFENSE

17.     Plaintiff materially breached its Contract in that it failed to complete its contract within the time frame agreed to by the parties, which resulted in damages due to, *inter alia*, delayed completion. As a result, if Plaintiff can recover any sum, JMB is entitled to an offset in a sum to be determined by this Court.

## SEVENTH AFFIRMATIVE DEFENSE

18.     Plaintiff was paid in excess of any sums due.

## EIGHTH AFFIRMATIVE DEFENSE

19.     Plaintiff is owed no money for work performed at the Premises.

**WHEREFORE**, Defendant JMB demands judgment against Plaintiff dismissing the complaint, and for such further relief as this Court deems just and proper under the circumstances, together with interest, costs and attorneys' fees as allowed under the agreements.

Dated: October 29, 2002

Yours, etc.

RIVELIS, PAWA & BLUM, LLP

By: _____
      Howard Blum

Attorneys for Defendant
Jeffrey M. Brown Associates, Inc.
21 East 40th Street, 14th Floor
New York, New York 10016
(212) 557-3000

hbdoc:\northeast restor.195 hudson.ans brown

4

# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

NORTHEAST RESTORATION CORP.,

               Plaintiff,

      -against-

K&J CONSTRUCTION COMPANY, LP, 195 HUDSON
STREET ASSOCIATES, LLC., RELIANCE INSURANCE
COMPANY, BOARD OF MANAGERS OF 195 HUDSON
STREET CONDOMINIUM and JEFFREY M. BROWN
ASSOCIATES, INC.,

               Defendants.

------------------------------------------------------------------X

SIR:

Index No. 602171/00
Index No. 600664/02

**JUDGMENT WITH
NOTICE OF
ENTRY**

     **PLEASE TAKE NOTICE**, that the within is a true copy of a Judgment duly entered in

the office of the Clerk of the within named Court, on the 8th day of ~~March~~ April, 2003.

Dated: ~~March~~ April 8 , 2003

                       Yours, etc.

                       RIVELIS, PAWA & BLUM, LLP

                       By:                  
                            Howard Blum
                       Attorney for Defendants
                       K&J Construction Co.,
                       Jeffrey M. Brown Associates, Inc.
                       21 East 40th Street, 14th Floor
                       New York, New York 10016
                       (212) 557-3000

To:    Robert A. Sesti, Esq.
       VANERIA & SESTI, LLP
       Attorneys for Plaintiff
       641 Lexington Avenue
       New York, New York 10022

Hoey, King, Toker & Epstein
Attorneys for Defendant
Board of Managers of the 195 Hudson Street Condominium
55 Water Street-28th Floor
New York, New York 10044

Ross & Cohen, LLP
Attorneys for Defendant
195 Hudson Street Associates, LLC
711 Third Avenue
New York, New York 10017

hbdoc:c\northeast-k&j.judgment not entry

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X
NORTHEAST RESTORATION CORP.,                                    Index No. 602171/00

               Plaintiff,

    -against-                                              **JUDGMENT**

K&J CONSTRUCTION COMPANY, LP, 195 HUDSON
STREET ASSOCIATES, LLC., RELIANCE INSURANCE
COMPANY, BOARD OF MANAGERS OF 195 HUDSON
STREET CONDOMINIUM and JEFFREY M. BROWN
ASSOCIATES, INC.,

               Defendants.
----------------------------------------------------------------X

       Upon the motion for summary judgment by defendant Jeffrey M. Brown Associates, Inc.,

to dismiss the complaint, brought on by Notice of Motion dated May 29, 2002; the

accompanying Affidavit of Edward Opall, sworn to the 29th day of May, 2002; the Reply

Affidavit of Edward Opall, sworn to the 17th day of July, 2002; ~~the accompanying memorandum~~

~~of law in support of the motion;~~ all with affidavits of service, in support of the motion; the

Affidavit in Opposition of Harry Donas, sworn to the 18th day of June, 2002; the Affirmation of

Robert A. Sesti, sworn to the 18th day of June, 2002; ~~the accompanying memorandum of law in~~

~~opposition to the motion;~~ all with affidavits of service, in opposition to the motion; and upon the

hearing held on the record on November 8, 2002, and after due deliberation by the Court, the

motion was granted and an Order was issued on February 11, 2003, and entered on February 21,

2003.

       **NOW**, on the motion of defendant Jeffrey M. Brown Associates, Inc., by its attorneys

Rivelis, Pawa & Blum, LLP, it is

**ADJUDGED**, that the complaint against Jeffrey M. Brown Associates, Inc. is dismissed, and the action is severed against the other defendants.

Norman Goodman
CLERK

FILED

APR 8 - 2003

COUNTY CLERK'S OFFICE
NEW YORK

hbdoc:c\northeast-k&j.judgment

2

Costs & disbursements waived.

Index No. 602171/00 Year
Index No. 600664/02

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NORTHEAST RESTORATION CORP.,

Plaintiff,

-against-

K&J CONSTRUCTION COMPANY, LP, 195 HUDSON
STREET ASSOCIATES, LLC, RELIANCE INSURANCE
COMPANY, BOARD OF MANAGERS OF 195 HUDSON
STREET CONDOMINIUM and JEFFREY M. BROWN
ASSOCIATES, INC.,

Defendants.

JUDGMENT

Signature (Rule 130-1.1-a Compliance)

RIVELIS, PAWA & BLUM, LLP

Attorneys for Defendants
K&J Construction Co.,
Jeffrey M. Brown Associates, Inc.
21 East 40th Street
14th Floor
New York, New York 10016
(212) 557-3000

FILED

APR 8 - 2003

AT 10:55 AM
N.Y., CO. CLK'S OFFICE

To

Dated

Attorney(s) for



EXHIBIT G

**195 HUDSON STREET ASSOCIATES LLC**
155 Spring Street, 2nd Floor
New York, New York 10012

July 25, 2002

TO:   195 Hudson Street Condominium
      195 Hudson Street
      New York, New York

RE:   Northeast Restoration Corp.

In connection with the pending litigation entitled <u>Northeast Restoration Corp. v Board of Managers of the 195 Hudson Street Condominium, et al.</u>, New York Supreme Court, New York County, Index No. 02-600664 ("Action"), 195 Hudson Street Associates LLC ("Sponsor") agrees:

1.   Acknowledges that the law firm of Hoey King Toker & Epstein has been designated by the insurance carrier for the Condominium, shall continue to defend the Action on behalf of the Condominium.

2.   Agrees to indemnify and hold harmless the Condominium from and against any fines, judgments, payment obligations, costs or expenses that the Condominium may sustain or incur directly in connection with the Action (including any and all legal fees and expenses that are not covered under the Condominium's directors and officers liability insurance policy ("D&O Coverage")), including any increase in the Condominium's D&O Coverage premium directly related to the Action during the next succeeding premium year.

195 Hudson Street Associates LLC

By: _____
    Name: Steven V. Blumenthal
    Title:  Member

ACKNOWLEDGED AND AGREED TO:

195 Hudson Street Condominium

By: _____
    Name: Lynn Hill
    Title:  President

634174.DOC

# EXHIBIT H

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:  **EDWARD** H. LEHNER                    PART 19

_____
Justice

0602171/2000

NORTHEAST RESTORATION
vs
K&J CONSTRUCTION

SEQ  09

| | |
|---|---|
| INDEX NO. | _____ |
| MOTION DATE | _____ |
| MOTION SEQ. NO. | _____ |
| MOTION CAL. NO. | _____ |

Is motion to/for _____

PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... _____

Answering Affidavits — Exhibits _____

Replying Affidavits _____

**FILED**

MAY 11 2004

NEW YORK
COUNTY CLERKS OFFICE

Cross-Motion:  ☐ Yes  ☐ No

Upon the foregoing papers, it is ordered that this motion

motion Is decided in accordance

with accompanying memorandum decision *in company*

*motion decided this day.*

SEE SEQ. 008

RECEIVED

MAY - 6 2004

IAS MOTION
SUPPORT OFFICE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE

Dated: _____ MAY 0 4 2004          _____
                                                              J.S.C.

Check one:  ☒ **FINAL DISPOSITION**  ☐ **NON-FINAL DISPOSITION**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK : IAS PART 19
------------------------------------------------------------------x
NORTHEAST RESTORATION CORP.,

                        Plaintiff,                    INDEX NO.
                                                      060217/00
        - against -

K & J CONSTRUCTION CO., L.P., 195 HUDSON
STREET ASSOCIATES, LLC and RELIANCE
INSURANCE COMPANY, BOARD OF MANAGERS
OF THE 195 HUDSON STREET CONDOMINIUM
and JEFFREY M. BROWN, INC.,

                        Defendants.
------------------------------------------------------------------x

**EDWARD H. LEHNER, J.:**

The novel issue raised by the motions before me for summary judgment by

Hudson Street Associates, LLC (the "Sponsor") and the Board of Managers of the

195 Hudson Street Condominium (the "Board") is whether a subcontractor who

performed work on the common elements in connection with the conversion of the

building at 195 Hudson Street (the "Building") to condominium residential ownership

can recover its alleged unpaid balance from the Board and the Sponsor, pursuant to

the trust fund provisions of paragraph 2 of RPL § 339-1, for their failure to **pay** such

balance from common charges collected from unit owners.

1

In 1998 the Sponsor, as owner of the Building, entered into a contract with defendant K & J Construction Co., L.P. ("K&J") for the conversion of the Building, then used as a warehouse, to residential use. In August of that year K&J entered into three separate sub-contracts with plaintiff to perform roofing, parapet and exterior masonry work on the Building. In April 1999, during the course of construction, the Sponsor recorded a declaration pursuant to RPL article 9-B establishing a plan of condominium ownership (the "Declaration"). Between May 1999 and May 2000, 27 of the 28 condominium units created were sold by the Sponsor, which controlled the Board until March 2000 when unit owners were elected and assumed control.

Plaintiff performed work pursuant to its contracts with K&J from November 1998 until March 2000, and now claims that it is owed approximately $168,000 pursuant to those contracts.[1] Its original action to foreclose its mechanic's lien based on such claim was dismissed by me for failure to file liens against the tax lots created upon the recording of the Declaration, as required by paragraph 7 of Lien Law § 9 (NYLJ, December 19, 2001, p. 23, c. 2, aff'd. 304 AD2d 306). Thereafter, plaintiff commenced a new action against the Sponsor and the Board[2] to recover the claimed balance owing based on asserted violations of the trust fund provision of paragraph

---

[1] The Sponsor has asserted that no money is owing due to defective work.

[2] The action against co-defendant Jeffrey M. Brown, Inc. was dismissed by me as per judgment filed April 8, 2003.

2

2 of Lien Law § 339-1, which provides as follows:

> "Labor performed on or materials furnished to a unit shall not be the
> basis for the filing of a lien pursuant to article two of the lien law against
> the unit of any unit owner not expressly consenting to or requesting the
> same, except in the case of emergency repairs. No labor performed on
> or materials furnished to the common elements shall be the basis for a
> lien thereon, but all common charges received and to be received by the
> board of managers, and the right to receive such funds, shall constitute
> trust funds for the purpose of paying the cost of such labor or materials
> performed or furnished at the <u>express request or with the consent</u> of the
> manager, managing agent or board of managers, and the same shall be
> expended first for such purpose before expending any **part** of the same
> for any other purpose." (Emphasis supplied.)

Plaintiff contends that although the Sponsor controlled the Board from the time

of the recording of the Declaration in April 1999 until March 2000 (by which time

the work was completed), the Board is now liable for the amount owing as it was

required to employ the common charges it received for the payment of the balance

owing for the renovation work. Plaintiff argues that such result is equitable since a

substantial portion of its work was performed after unit owners commenced moving

into the Building in June 1999. As for the Sponsor, plaintiff maintains that as a

"manager" of the condominium, it is equally liable.

On the other hand, the Board and the Sponsor both assert that it would be

grossly unfair to require the Board to have to collect charges from the unit owners to

pay plaintiff the claimed balance as the owners paid the Sponsor for their units

pursuant to an offering plan which indicated that the Sponsor was obligated to complete the renovation of the Building.[3]

Clearly, the construction undertaken in converting the Building to residential use was not at the "express request" of the Board as the contract with K&J for such work was executed in August 1998 and never modified, whereas the Board did not come into existence until the Declaration was recorded in April 1999. However, upon such recording a board of managers was established the members of which, until unit owners were elected in March 2000, were nominees of the Sponsor. It is noted that the work performed by plaintiff was completed in March 2000, which is just prior to the time the unit owners assumed control of the Board.

While it cannot be said that the construction performed by plaintiff was at the "express request" of the Board, it can reasonably be argued that the "labor or materials performed or furnished (were)... with the consent of the" Board, although its members were nominees of the Sponsor. There is nothing in the statute that requires that the "consent" be in any particular form. The permission by a board of managers to allow work to be performed in premises controlled by it may be deemed the necessary statutory "consent".

---

[3] Although no copy of the offering plan was submitted on this motion, it was acknowledged by the Sponsor that pursuant to the provisions thereof it represented that it would perform and pay for the conversion of the Building.

4

Section **2.2** of the by-laws of the condominium provides that the Board (unless it incorporates, which it has not done) has "the status conferred upon unincorporated associations" under the General Associations Law. There is nothing in such law whereby a change in membership of an unincorporated association would affect its liability for prior actions, Hence, any liability created by acts of the Board when controlled by the Sponsor would normally remain the Board's liability when control thereof was assumed by the unit owners. The consequence of such conclusion is that a literal reading of § 339-1 would result in the imposition of liability upon the Board for its failure to collect common charges to pay for the improvements made by plaintiff. To state the result of such an interpretation is to demonstrate its inequity as the effect would be to require unit owners, who paid the Sponsor for a complete renovated unit, to also have to pay a second time for a portion of the cost of renovation through increased common charges. I find such result would not be in accord with the intent and purpose of the statute. In discussing a court's duty to avoid a seemingly unintended result from a literal reading of a statute, the Court of Appeals wrote in Abood v. Hospital Ambulance Service, Inc., 30 N.Y. *2d 295, 299 (1972):*

> "While it is true that, whenever the language of a statute is clear and unambiguous we are required under ordinary rules of construction to give effect to its plain meaning ..., the literal language of the statute, where it does not express the statute's manifest intent and purpose, need not be adhered to .... Rather, to effect the intention of the Legislature the

·words of a single provision may be enlarged or restrained in their meaning and operation, and language general in expression may be subjected to exceptions through implication."

The evident purpose of the trust fund provision is to provide a contractor who performs work on the common elements of a condominium with a means to secure payment as, unless the unanimous consent of the unit holders is obtained, no lien can be **filed** against the property. I conclude that (absent contrary provisions in the offering plan) a proper application of the trust fund provision of the statute should generally be to limit the liability of a board of managers to situations where the "express request" or "consent" referred to therein is provided by a board selected by the unit holders, If they are to pay for improvements to the common elements, it should be the acts of their elected representatives which create **the** liability. Thus, under the facts herein I find no liability on the part of the Board based on the alleged statutory violation,

The further contention of plaintiff that the Board assumed the liability of the Sponsor pursuant to paragraph **24** of the Declaration is of no aid to plaintiff as the Sponsor had no contractual relationship with plaintiff, and such assumption only applied to obligations "set forth herein", and the Declaration itself did not contain any specific construction obligations on the part of the Sponsor.

·The claim herein against the Sponsor is devoid of merit as it was not in a

6

position to collect common charges from unit owners and thus cannot be liable for failing to turn over such charges to the plaintiff. In fact, it paid common charges to the Board applicable to its unsold units. Its control of the Board prior to March 2000 does not result in liability as its nominees to the Board, as held herein, had no authority to collect common charges from unit holders to pay for the improvements required to be performed by the Sponsor.

Accordingly, the motions of the Board and the Sponsor are both granted and the Clerk shall enter judgment dismissing the complaint as against them.

Dated: May 4, 2004                                          _____
                                                                              J.S.C.

FILED
MAY 11 2004
NEW YORK
COUNTY CLERK'S OFFICE

7