RIVELIS, PAWA & BLUM, LLP
Howard Blum, Esq. (HB-7052)
Attorney for Defendant
Jeffrey M. Brown Associates, Inc.
286 Madison Avenue, 14th Floor
New York, New York 10017
(212) 557-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
BOARD OF MANAGERS OF THE 195 HUDSON
STREET CONDOMINIUM,                                            07 Civ 4058 (PKL)

                     Plaintiff,

    -against-

JEFFREY M. BROWN ASSOCIATES, INC. and
LEXINGTON INSURANCE COMPANY,

                     Defendants.
----------------------------------------------------------------------X

## JMB'S REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

### Preliminary Statement

       Defendant Jeffrey M. Brown Associates, Inc. ("JMB") respectfully submits this Reply Memorandum of Law in support of its Motion to Dismiss the Complaint pursuant to Rule 12(b).

       In its "PRELIMINARY STATEMENT", plaintiff makes numerous misstatements in an attempt to confuse the Court. For example, on the top of page 2, plaintiff contends that K&J "claimed to be insolvent <u>after</u> the Board obtained a multi-dollar judgment against it in a separate state court litigation." (underlining added) First, plaintiff has known of K&J's financial situation for years. It was no surprise to plaintiff or its counsel. Second, no judgment has yet been entered, although one might be entered by the time the Court reads this Memorandum.

Another example of plaintiff's attempt to confuse the issue is the statement on the bottom of page 2.  After plaintiff writes that it claims "JMB is the alter ego of K&J, and that JMB used its domination over K&J to improperly strip it of assets so as to render K&J effectively judgment proof", plaintiff concludes that

"JMB does not challenge these allegations here."

Such a statement is inaccurate!  First, JMB has moved to dismiss the complaint based upon the prior ruling that JMB is <u>not</u> the alter ego of K&J.  While there is no reason for JMB to deal with the merits of the case "here", the Court is respectfully referred to the moving Affidavit of Howard Blum, paragraphs 13, 14 and 15, and to the <u>Exhibit 7</u>  thereto, the Affidavit of Edward Opall,  for the detailed facts which challenge plaintiff's sweeping allegations.    Thus, the allegations are challenged, and refuted.

Plaintiff admits on page 3 that it was a party to the Northeast litigation, that JMB was there sued as the alter ego of K&J and that JMB successfully moved to dismiss those claims. The Court expressly determined that JMB was <u>not</u> the alter ego of K&J.  The Court, Mr. Justice Edward H. Lehner, by Decision-Order dated February 11, 2003, and entered on February 21, 2003, granted JMB's motion and dismissed the Complaint of Northeast (<u>Exhibit 8</u>).  The Court held as follows:

> Here, plaintiff has failed to raise a triable issue on its alter ego theory as it has not shown any misuse of the corporate form by Brown so as to warrant a piercing of the corporate veil and deprive it of the privilege of doing business as a separate corporation from its subsidiary.

As noted, plaintiff herein was a party to that action, served and filed cross-claims directly against JMB, but submitted no opposition to JMB's motion.  Plaintiff never appealed that Order, and it is final.  Plaintiff is now bound by Mr. Justice Lehner's ruling and express holding.

Thus, there can be no dispute that the alter ego <u>issue</u> has been previously finally decided. The issue determined in state court is identical to the issue now raised by plaintiff. Moreover, plaintiff had the unlimited and full opportunity to litigate that issue in the Northeast case. It failed to do so, and spends its entire Memorandum of Law conjuring up insufficient excuses and explanations why it should not be precluded from raising the same issue now. The motion should be granted.

<u>**Facts**</u>

The facts are set forth in detail in the Affidavit of Howard Blum in support of the motion, and are incorporated by reference. Simply stated, JMB had no contractual relationship with plaintiff, and owed no duty of care to plaintiff. The New York State Supreme Court, New York County, has <u>twice</u> determined that JMB is not the alter ego of non-party K&J Construction Co., L.P., and that plaintiff should not be permitted to pierce the corporate veil and attempt to hold JMB liable for the alleged debts of K&J. Plaintiff is collaterally estopped from contending to the contrary. The Complaint should be dismissed as to defendant JMB.

<u>**ARGUMENT**</u>

**PLAINTIFF IS COLLATERALLY
ESTOPPED FROM PURSUING
<u>ITS CLAIM AGAINST JMB</u>**

Plaintiff admits that the alter ego issue was fully and finally decided by Mr. Justice Lehner in the Northeast litigation, where plaintiff was a party. However, plaintiff contends on page 19 that it "never had a full and fair opportunity to litigate that issue", and that it should be now given another chance. All of plaintiff's excuses are legally insufficient. The motion should be granted.

The New York law of collateral estoppel is set forth in <u>Pennecom B.V. v. Merrill Lynch and Co.</u>, 372 F.3d 488 (2d Cir. 2004), as follows:

> The New York law of collateral estoppel employs a two-part test: a party is estopped from relitigating an issue when that issue was necessary to the resolution of the prior action, and the party against whom estoppel is invoked had a full and fair opportunity to contest that issue in the previous litigation. <u>Schwartz v. Pub. Adm'r.</u>, 246 N.E.2d 725, 729, 24 N.Y.2d 65, 70, 298 N.Y.S.2d 955, 960 (1969). See also <u>Ryan v. New York Tel. Co.</u>, 467 N.E.2d 487, 490-91, 62 N.Y.2d 494, 500-01, 478 N.Y.S.2d 823, 826-27 (1984); <u>Gilberg v. Barbierl,</u> 423 N.E.2d 807, 809, 53 N.Y.2d 285, 291, 441 N.Y.S.2d 49, 51 (1981).

The Second Circuit described in detail the facts in <u>Norris v. Grosvenor Marketing Limited</u>, 803 F.2d 1281 (2d Cir. 1986), where it held that collateral estoppel barred a second action.

In <u>Norris</u>, <u>supra</u>, plaintiff's claims had been fully adjudicated in an arbitration between plaintiff and a third party not involved in the federal court action. The Court described the law as follows:

> New York has adopted a two-prong "full and fair opportunity" test for deciding whether an issue has been determined by previous litigation, <u>Schwartz v. Public Administrator,</u> 24 N.Y.2d 65, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969). First, the issue dispositive of the present action must have been necessarily decided in the prior action. This does not mean that the prior decision must have been explicit. "If by necessary implication it is contained in that which has been explicity decided, it will be the basis for collateral estoppel." 5 <u>J. Weinstein, H. Kohn, & A. Miller,</u> <u>New York Civil Practice,</u> para. 5011.27, at 50-176 (1985) see, e.g., <u>Winters v. Levine,</u> 574 F.2d 46, 60-61 (2d Cir. 1978) (construing effect of prior New York judgment). Second, there must have been a full and fair opportunity to contest the previous decision. Id. 298 N.Y.S.2d at 960. See also <u>Ryan v. New York Telephone,</u> 82 N.Y.2d 494, 500-01, 478 N.Y.S.2d 823, 826-27, 467 N.E.2d 487 (1984); <u>Gilberg v. Barbierl,</u> 53 N.Y.2d 285, 291, 441 N.Y.S.2d 49, 51, 423 N.E.2d 807 (1981).

Here, plaintiff had a full opportunity to oppose JMB's motion on the alter ego issue in the Northeast case. Plaintiff was a party in that action, but it chose not to oppose the motion. It is now bound by the ruling. As the Court stated in <u>Norris</u>, <u>supra</u>, at p. 1286,

> Norris was given his opportunity to argue his case to the arbitrator. He should not now be given another bite of the cherry. <u>Cohen v. Dana</u>, 83 N.Y.S.2d 414, 418 (Sup., Ct. 1948), aff'd, 275 A.D., 723, 87 N.Y.S.2d 614, aff'd, 300 N.Y. 608, 90 N.E.2d 65 (1949).

The Court continued, dealing with the full and fair opportunity test:

> Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigation an identical issue with the same party or his privy and of promoting judical economy by preventing needless litigation." <u>Parklane Hosiery Co. v. Shore,</u> 439 U.S. 322, 326, 58 L.Ed. 2d 552, 99 S. Ct. 645 (1979) (citation and footnote omitted); see also <u>Tillman v. National City Bank of New York,</u> 118 F.2d 631, 634, (2d Cir.) (collateral estoppel is a "reasonable measure calculated to save individuals and courts from the waste and burden of relitigating old issues"), cert. denied, 314 U.S.650, 62 S. Ct. 96, 86 L. Ed. 521 (1941)<u>.</u>

See, also, <u>Board of Managers of the Charles House Condominium v. Infinity Corp.,</u> 825 F. Supp 597, 610 (S.D.N.Y. 1993), where the Court granted defendant's motion for summary judgment:

> The doctrine of collateral estoppel applies both to questions of law and fact. <u>United States v. Stauffer Chemical Co.,</u> 464 U.S. 165, 170-71, 78, L.Ed.2d 386, 104 S. Ct. 575 (1984) ("collateral estoppel can apply to preclude relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action") (citation omitted).
> The doctrine of collateral estoppel creates preclusion of issues decided in state court, as well as those decided in federal court, as determined by the law of the state. In <u>Migra v. Warren City School District Bd of Ed.,</u> 465 U.S.75, 79 L. Ed. 2d 56, 104 S. Ct. 892 (1984), the Supreme Court held that

> It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.

> Migra, 465 U.S. at 81, quoting its decision in Allen v. McCurry, 449 U.S. 90, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980), the Court held that "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the court of the State from which the judgments emerged would do so …" Migra, 465 U.S. at 81. This requirement is codified by federal statute 28 U.S.C. § 1738, Kremer v. Chemical Construction Corp., 456 U.S. 461, 72 L. Ed. 2d 262, 102 S. Ct. 1883 (1982) ("section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged").

The Court is also respectfully referred to the cases cited in JMB's moving Memorandum of Law, which are simply ignored by plaintiff.

Plaintiff has had its day in Court in the Northeast case. Plaintiff's principal argument to the contrary is found on pages 19-23, where it argues the vague concept of "fairness" and repeatedly blames its "insurance carrier's counsel" for not properly protecting its rights. If plaintiff believes that the law firm of Hoey, King, Toker & Epstein did not act properly, or failed to protect plaintiff's interests, plaintiff was and is free to sue for malpractice. Plaintiff's remedy is not to have this Court ignore the prior state court determination.

Moreover, the Second Circuit has already dealt with this identical issue of insurance company counsel. The plaintiff in Conte v. Justice, 996 F.2d 1398, 1400 (2d Cir. 1993), made the same argument as plaintiff here:

> This appeal requires us to explore, once again, the parameters of the doctrine of collateral estoppel. Title 28 U.S.C. § 1738 requires federal courts to give the same preclusive effect to state court judgments as would be given by the courts of the judgment-rendering state. See Allen v. McCurry, 449 U.S. 90, 96, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980) ("Congress has specifically

6

required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so…"). Thus, as the determination now asserted to be preclusive derives from a New York State court judgment, New York's collateral estoppel rules apply.

The doctrine of collateral estoppel prevents a party from relitigating an issue clearly raised in a prior action and decided against that party or those with whom they share privity. See Ryan v. New York Tel. Co., 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 826, 467 N.E.2d 487, 489 (1984). While premised on notions of due process and fairness, the doctrine also acts to conserve the resources of courts and litigants, reduce inconsistent results, and promote the interest in finality of judgments. See Schwartz v. Public Adm'r of Bronx, 24 N.Y.2d 65, 74 298 N.Y.S.2d 955, 962, 246 N.E.2d 725, 730 (1969); Gilberg v. Barbieri, 53 N.Y.2d 285, 291, 441 N.Y.S.2d 49, 50, 423 N.E.2d 807, 808 (1981); Murphy v. Gallagher, 761 F.2d 878, 882 (2d Cir. 1985). It is due precisely to these concerns, however, that the rules surrounding the application of collateral estoppel cannot be reduced to some simple black letter formula. Indeed, the New York Court of Appeals has stated that rigid or mechanical application of the doctrine runs counter to principles of due process. See Schwartz, 24 N.Y.2d at 73, 298 N.Y.S.2d at 962, 246 N.E.2d at 730; Gilberg, 53 N.Y.2d at 292, 441 N.Y.S.2d at 51, 423 N.E.2d 809.

Under New York law, the determination of whether collateral estoppel precludes relitigation of an issue requires the court to pursue two general lines of inquiry. See Schwartz, 24 N.Y.2d at 71, 298 N.Y.S.2d at 960, 246 N.E.2d at 729; Gilberg, 53 N.Y.2d at 291, 441 N.Y.S.2d at 50, 423 N.E.2d at 809. See also Wilder v. Thomas, 854 F.2d 605, 617 (2d Cir. 1988), cert. denied, 489 U.S. 1053 (1989); Norris v. Grosvenor Mktg. Ltd., 803 F.2d 1281, 1285 (2d Cir. 1986). Initially, the court must determine whether the issue sought to be litigated is identical to an issue necessarily decided in the prior action and decisive on the present action. Schwartz, 24 N.Y.2d at 71, 298 N.Y.S.2d at 960, 246 N.E.2d at 728. Upon satisfaction of the issue identity requirement, inquiry turns toward whether the party to be bound had a full and fair opportunity to contest the determination now said to control. Id.

After easily determining that issue identity existed, the Second Circuit turned to the full and fair opportunity test, and how it applied to the appointment and utilization of insurance company counsel (at p. 1401):

> Under New York law, an inquiry into whether a party had a full and fair opportunity to litigate a prior determination must concentrate on "the various elements which make up the realities of litigation." Schwartz, 24 N.Y.2d at 72, 298 N.Y.S.2d at 961, 246 N.E.2d at 729; see also Gilberg, 53 N.Y.2d at 292, 441 N.Y.S.2d at 51, 423 N.E.2d at 809. Factors listed by the New York Court of Appeals to assist in this inquiry include the forum for the prior litigation, the competence and experience of counsel, the foreseeability of future litigation, and the context and circumstances surrounding the prior litigation that may have deterred the party from fully litigating the matter. See Schwartz, 24 N.Y.2d at 72, 298 N.Y.S.2d at 961, 246 N.E.2d at 729-30; Gilberg, 53 N.Y.2d at 292, 441 N.Y.S.2d at 51, 423 N.E.2d at 809; Ryan, 62 N.Y.2d at 501, 478 N.Y.S.2d at 827, 467 N.E.2d at 491.

> 1.     Kenneth Conte

> Kenneth Conte argues that the district court erred when it held that he was adequately represented by his insurance company's attorney. Specifically, Mr. Conte argues that the failure of the insurance company's attorney to oppose the entry of a judgment against him in the Weinberg and Infant Actions demonstrated that the attorney had only the insurance company's best interests in mind. Under New York law, however, the district court properly held that the insurance company's attorney adequately represented Mr. Conte. See Schwartz, 24 N.Y.2d at 73-74, 298 N.Y.S.2d at 962, 246 N.E.2d at 725.

> In Schwartz, the New York Court of Appeals discussed circumstances where an insurance company's attorney could possibly provide inadequate representation for a defendant. Id. Conceivably, an insurance carrier could approach litigation with an eye towards securing a partner with which to share recovery costs. Id. Additionally, the lack of incentive to diligently litigate a matter could arise where the injuries involved and the amount at stake are minor. Id. As the district court pointed out, these circumstances do not apply to the instant action. First, no evidence exists to suggest that Kenneth Conte's lawyer approached the litigation seeking a partner to help reduce any

8

loss.  Second, the injuries involved and the amount at stake were by  no means trivial,  thereby providing the insurance company with pressing incentive to vigorously litigate the issue of liability.

Furthermore,  even  if  New  York  considered  an  insurance company's  failure  to  prevent  the  entry  of  a  judgment  against  a culpable  defendant  a  circumstance  warranting  a  finding  of inadequate representative, Kenneth Conte offered no evidence to suggest that the insurance company's lawyer could have avoided the entry of the judgment in the Weinberg and Infant Actions. Nevertheless, such is not a consideration under New York law, and we do not now hold it to be so.  Accordingly, it must be concluded that Kenneth Conte had a full and fair opportunity to litigate the issue of liability and thus will be precluded from doing so again.  Kenneth Conte's assertion of inadequate representation by the insurance company due to their failure to prevent the entry of a final judgment is inadequate to even fairly raise the issue of appropriate representation.

The same is true here.  There is no reason to re-litigate the alter ego issue.  Contrary to plaintiff's conclusion on the bottom of page 23, application of issue preclusion in this case would not "violate the overall fairness requirement underlying the doctrine of collateral estoppel."  If it did, the floodgates would open and virtually every case would be open to such a challenge. There would be no finality or conclusive effect to state court judgments.

As noted in the prior Memorandum, this Court has previously dealt with res judicata and a State Court decision.  In Bull & Bear Group, Inc. v. Fuller, 786, F. Supp. 388, 390 (S.D.N.Y. 1992), Judge Leisure ruled as follows:

The doctrine of res judicata bars "a litigant from advancing in a new action all claims or defenses that were or could have been raised in a prior proceeding in which the same parties or their privies  were  involved  and  that  resulted  in  a  judgment  on  the merits."  Liona Corp. v. PCH Associates (In re PCH Associates), 949 F.2d 585, 594 (2d Cir. 1991); accord Harborside Refrigerated Services, Inc. v. Vogel, 959 F.2d 368 (2d 1992).

The res judicata impact of a state-court judgment in a federal court is, in turn, controlled by the full faith and credit doctrine, which provides that "the … judicial proceedings of any court of

> any … State … shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State." 28 U.S.C. § 1738. Thus, in determining the res judicata impact of a state-court judgment, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." <u>Migra v. Warren City School District Board of Education</u>, 465 U.S. 75, 81, 79 L. Ed. 2d 56, 104 S. Ct. 892 (1984); accord <u>Milltex Industries Corp. v. Jacquard Lace Co.</u>, 992 F.2d 164, 166 (2d Cir. 1991); <u>Ruiz v. Commissioner of Department of Transportation</u>, 858 F.2d 898, 902 (2d Cir. 1988).

This Court also dealt with the issue in <u>Seagoing Uniform Corp. v. Texaco</u>, 705 F. Supp. 918 (S.D.N.Y. 1989), applying Delaware state law.

In the instant case, plaintiff is bound by the two (2) prior determinations of the Supreme Court. This Court should dismiss the Complaint and require plaintiff to pursue its appeal rights in the New York courts. The <u>Rooker-Feldman</u> doctrine clearly governs the instant situation.

Plaintiff herein was a party to the Northeast case, and is bound by Mr. Justice Lehner's determination that JMB was <u>not</u> the alter ego of K&J (<u>Exhibit 8</u>). Plaintiff herein is also obviously bound by Mr. Justice Tolub's determination in the Third Action (<u>Exhibit 10</u>). Plaintiff herein was the plaintiff there, had a full opportunity to re-litigate the issue and lost. The mere fact that plaintiff hired new attorneys does not provide a third opportunity for plaintiff to argue that JMB is the alter ego of K&J. That issue has been determined and is final, and plaintiff is barred from raising it again. If any relief is available, plaintiff should pursue an appeal in the Third Action in the Supreme Court, or sue Hoey King. The doctrines of res judicata and collateral estoppel require dismissal of the Complaint herein.

## <u>Conclusion</u>

For the foregoing reasons, it is respectfully requested that defendant JMB's motion to dismiss be granted, and that the Complaint be dismissed as against JMB.

Dated:  September 14, 2007

RIVELIS, PAWA & BLUM, LLP

_____

By:     Howard Blum
Attorneys for Defendant
Jeffrey M. Brown Associates, Inc.
286 Madison Avenue, 14th Floor
New York, New York 10017
(212) 557-3000

hbdoc:c\brown-board of managers.reply memo law supp mot dismiss

11