LSK&D #: 523-7015 / 921318
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BOARD OF MANAGERS OF THE
195 HUDSON STREET CONDOMINIUM,          07 CIV 4058
                                        (PKL) (HBP)
                        Plaintiff,

            -against-                   ANSWER

JEFFREY M. BROWN ASSOCIATES, INC.
and LEXINGTON INSURANCE COMPANY,

                        Defendants.
-----------------------------------------------------------------x

       Defendant Lexington Insurance Company ("Lexington"), by its attorneys, Lester Schwab Katz & Dwyer, LLP, answering plaintiff Board of Managers of the 195 Hudson Street Condominium's ("plaintiff" or the "Board") Complaint dated May 23, 2007, respectfully states as follows:

       1.    Admits each and every allegation contained in paragraph "1" of plaintiff's Complaint.

       2.    Admits each and every allegation contained in paragraph "2" of plaintiff's Complaint.

       3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "3" and "4" of plaintiff's Complaint.

       4.    Admits each and every allegation contained in paragraph "5" of plaintiff's Complaint.

       5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "6," "7" and "8" "of plaintiff's Complaint.

6. Denies each and every allegation contained in paragraph "9" of plaintiff's Complaint except admits that the Board commenced an action against K&J Construction Co., L.P. ("K&J"), and respectfully refers the Court to the underlying Complaint for its allegations.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "10," "11" and "12" of plaintiff's Complaint.

8. Admits each and every allegation contained in paragraph "13" of plaintiff's Complaint.

## ANSWERING THE FIRST CLAIM FOR RELIEF

9. In response to paragraph "14" of plaintiffs' Complaint, Lexington repeats and reiterates its responses to paragraphs "1" through "13" as if fully set forth herein.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of plaintiff's Complaint.

11. Denies each and every allegation contained in paragraph "16" of plaintiff's Complaint but admits that Lexington issued a claims-made Contractors Professional Services and Pollution Liability Insurance policy to named insureds Jeffrey M. Brown Associates, Inc. ("Brown") and K&J, with a policy period of June 25, 2000 to June 25, 2001 and a Retroactive Date of June 25, 1999 ("Lexington Policy") and respectfully refers the Court to the Lexington Policy for its contents, including all terms and conditions.

12. Denies each and every allegation contained in paragraph "17" of plaintiff's Complaint and begs leave to refer all questions of law to the Court and respectfully refers the Court to the terms and conditions of the Lexington Policy.

13. Denies each and every allegation contained in paragraph "18" of plaintiff's Complaint but admits that Lexington provided a defense to K&J in the underlying action under a reservation of rights and monitored the underlying trial.

14. Denies each and every allegation contained in paragraphs "19" and "20" of plaintiff's Complaint and begs leave to refer all questions of law to the Court and respectfully refers the Court to the terms and conditions of the Lexington Policy.

15. Denies each and every allegation contained in paragraph "21" of plaintiff's Complaint but begs leave to refer all questions of law to the Court.

## ANSWERING THE SECOND CLAIM FOR RELIEF

16. In response to paragraph "22" of plaintiffs' Complaint, Lexington repeats and reiterates its responses to paragraphs "1" through "21" as if fully set forth herein.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" (and subparagraphs) of plaintiff's Complaint, but begs leave to refer all questions of law to the Court.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "24," "25," "26," "27," "28" and "29" of plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

19. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

20. The Complaint and the claims asserted therein are barred by waiver.

### THIRD AFFIRMATIVE DEFENSE

21. The Complaint and the claims asserted therein are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

22. The Complaint and the claims asserted therein are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

23. The damages which form the basis of plaintiff's claim for insurance proceeds are not insured by Lexington because the alleged damages were sustained, in whole or in part, outside of the terms of the Lexington Policy.

### SIXTH AFFIRMATIVE DEFENSE

24. The Lexington Policy applies to Claims for "A Breach of Professional Duty in the rendering or failure to render of Professional Services to others (a) by the Insured; or (b) for which the Insured is legally liable as a result of the performance of others." However, some or all of the damages which form the basis of plaintiff's claim for insurance proceeds do not involve "Professional Services" as defined by the Lexington Policy.

### SEVENTH AFFIRMATIVE DEFENSE

25. The damages which form the basis of plaintiff's claim for insurance proceeds are not insured by Lexington, because the Lexington Policy requires, among other things:

4

> For this insurance to apply, all of the following conditions must be satisfied:
>
> (a) The Insured's Professional Services which result in a Claim; or
>
> (b) The Insured's Covered Operations which result in a Claim;
>
> whichever is applicable, must commence on or after the Retroactive Date stated in the Declarations.

However, the Insured's Professional Services and Covered Operations resulting in a Claim commenced prior to the Lexington Policy's June 25, 1999 Retroactive Date. Accordingly, Lexington has no obligation to indemnify any insured for the judgment obtained by the Board in the underlying action.

### EIGHTH AFFIRMATIVE DEFENSE

26. Under the Lexington Policy, all Claims that are made and reported during one or more Policy Periods and arise out of the same, interrelated, associated, repeated or continuous Breach of Professional Duty are considered to be a single Claim. As the Claims for which K&J was held liable in the underlying action arise out of the same, interrelated, associated, repeated or continuous Breach of Professional Duty, K&J's liability in the underlying action is based on a single Claim relating to Professional Services which commenced prior to the Lexington Policy's Retroactive Date. Accordingly, Lexington has no obligation to indemnify any insured for the judgment obtained by the Board in the underlying action.

### NINTH AFFIRMATIVE DEFENSE

27. The damages which form the basis of plaintiff's claim for insurance proceeds are not insured under the Lexington Policy by virtue of the following exclusion:

5

A.    1. any dishonest, fraudulent, criminal, or malicious Breach of Professional Duty, or those of knowingly wrongful nature committed intentionally by or at the direction of any Insured . . .

## TENTH AFFIRMATIVE DEFENSE

28.    The damages which form the basis of plaintiff's claim for insurance proceeds are not insured under the Lexington Policy by virtue of the following exclusion:

I.    the Insured's requiting, obtaining, maintaining, or failure to require, obtain, or maintain any bond, suretyship or any form of insurance, or the insured's advising or failing to advise with respect to the requiring, obtaining, or maintaining of any bond, suretyship or any form of insurance.

## ELEVENTH AFFIRMATIVE DEFENSE

29.    The damages which form the basis of plaintiff's claim for insurance proceeds are not insured under the Lexington Policy by virtue of the following exclusion:

K.    the cost to repair or replace any faulty workmanship, assembly, construction, erection, fabrication, installation or remediation if such work is performed in whole or in part by:

    1.    the Insured; or

    2.    any enterprise and/or any subsidiary of any enterprise that any Insured controls, manages, operates or holds ownership in or by any enterprise that controls, manages, operates or holds in an Insured;

## TWELFTH AFFIRMATIVE DEFENSE

30.    Lexington is not obligated to indemnify any insured to the extent the Claim involves or arises from operations that are not insured or are excluded from coverage under the Lexington Policy.

LESTER SCHWAB KATZ & DWYER LLP  ·  120 BROADWAY  ·  NEW YORK, NY 10271-10071

## THIRTEENTH AFFIRMATIVE DEFENSE

31.     Plaintiff's Complaint against Lexington is not drafted with sufficient particularity to permit this answering defendant to raise all appropriate defenses and, therefore, Lexington reserves its rights to amend and/or supplement its Answer with additional affirmative defenses.

**WHEREFORE**, defendant, Lexington Insurance Company, demands judgment dismissing the Complaint, and declaring that Lexington Insurance Company has not duty to pay for any judgment entered against K&J Construction Co., L.P. in the underlying action brought by the Board of Managers of the 195 Hudson Street Condominium, together with the attorneys' fees, costs and disbursements of this action.

Dated:      New York, New York
            January 25, 2008

                                        Yours, etc.

                                        LESTER SCHWAB KATZ & DWYER, LLP


                                        _____
                                        Aaron Brouk (AB-3401)
                                        Attorneys for Defendant
                                        LEXINGTON INSURANCE COMPANY
                                        120 Broadway
                                        New York, New York  10271
                                        (212) 964-6611

TO:

Judd Burstein, Esq.
JUDD BURSTEIN, P.C.
Attorneys for Plaintiff
1790 Broadway
Suite 1501
New York, New York  10019
(212) 974-2400

7

Howard Blum, Esq.
RIVELIS, PAWA & BLUM, LLP
Attorneys for Co-Defendant
JEFFREY M. BROWN ASSOCIATES, INC.
286 Madison Avenue, 14th Floor
New York, New York  10017
(212) 557-3000